1  MURRAY HILTS, ESQ. (CA BAR NO. 169690)
   LAW OFFICES OF MURRAY HILTS
2  3020 MEADE AVE.
   SAN DIEGO, CA. 92116
3  TEL: (619) 688-1174
   FAX: (619) 285-1977
4

FILED

08 MAR 18 PM 1:54

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

5  ATTORNEY FOR PLAINTIFFS:
   DELFINA GIL DE CARREON, ENRIQUE EVELIO CARREON
6

7

8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10                          '08 CV 5 0 1  DMS POR

11  DELFINA GIL DE CARREON and    )    CASE NO. _____
    ENRIQUE EVELIO CARREON,        )    FILE NO. A96-304-881
12                                 )
                                   )    **COMPLAINT FOR DECLARATORY
13            Plaintiffs,          )    JUDGEMENT**
                                   )
14                                 )
                                   )
    v.                             )
15                                 )    28 U.S.C. § 2201
    MICHAEL B. MUKASEY, Attorney   )
16  General, MICHAEL CHERTOFF, Secretary,)
    United States Department of Homeland )
17  Security, and DR. EMILIO T. GONZALEZ, )
    Director, United States Citizenship and )
18  Immigration Services,          )
                                   )
19            Defendants.          )
                                   )
20  _____)

21     **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

22        Plaintiffs, DELFINA GIL DE CARREON and ENRIQUE EVELIO CARREON, hereby

23  allege:

24                          **JURISDICTION**

25     1.     Plaintiffs, having been aggrieved by an administrative decision of the Defendants,

26  seek judicial relief in this Court. This is an action for declaratory relief, jurisdiction being

27  conferred pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and more specifically, 28

28  U.S.C. § 1331(a), and the Administrative Procedure Act (hereinafter "APA") 5 U.S.C. § 701 and



1  5 U.S.C. § 702.  The APA states that a person who is suffering a legal wrong because of agency

2  action, or who is adversely affected by agency action within the meaning of a relevant statute, is

3  entitled to judicial review.  5 U.S.C. § 702.

4      2.      This action is additionally to protect Plaintiffs' rights under the due process clause

5  of the Fifth Amendment and rights under the equal protection clause of the Fourteenth

6  Amendment to the United States Constitution and under other applicable Federal Law.

**PARTIES**

8      3.      Plaintiffs DELFINA GIL DE CARREON (hereinafter "Ms. Gil De Carreon")  and

9  ENRIQUE EVELIO CARREON (hereinafter "Mr. Carreon") are husband and wife.  Plaintiff

10  Ms. Gil De Carreon is a native and citizen of Mexico who currently resides in her native country.

11  Plaintiff Mr. Carreon is a naturalized citizen of the United States (Certificate Number 26856267

12  issued on February 19, 2002 in San Diego, California) who currently resides in the city of EL

13  Cajon, California.

14      4.      Defendant MICHAEL CHERTOFF is the Director of the Department of

15  Homeland Security (hereinafter "DHS"), which includes the Bureau of United States Citizenship

16  and Immigration Service (hereinafter "USCIS") of the United States Department of Justice, along

17  with Co-Defendant Attorney General MICHAEL B. MUKASEY.  DHS, through its agency,

18  directed by Co-Defendant, DR. EMILIO T. GONZALEZ,  known as USCIS, is a governmental

19  agency charged with the responsibility of adjudicating applications for Petitions for Alien

20  Relative and Applications for Adjustment of Status under the Immigration and Nationality Act of

21  1996 (hereinafter "INA").  As such, these agencies are charged with the duty of administration

22  and enforcement of all the functions of immigration enforcement (formerly imbued upon by the

23  Immigration and Naturalization service which was dissolved and incorporated in the BCIS[1]),

24  _____

25      [1]On March 1, 2003, the functions of the former Immigration and Naturalization Service
    ("INS") were transferred from the Department of Justice to three bureaus (United States Customs
26  and Enforcement, United States Customs and Border Protection, and United States Citizenship
    and Immigration Services) in the newly formed Department of Homeland Security (DHS). See
27  Homeland Security Act of 2002, Pub.L.No. 107-296, 116 Stat. 2135 (Nov. 25, 2002). Title 8 of
28  the Code of Federal Regulations was reorganized and amended to reflect the (cont'd...)

powers and duties of the USCIS.  Respondent, MICHAEL B. MUKASEY, Attorney General, is

responsible for the discretionary grant of a waiver under INA § 212(h), 8 U.S.C. § 1182(h).

## STATEMENT OF THE CASE

5.    Ms. Gil De Carreon entered the United States without inspection on or about

April 1996, and remained until April of 2005 pursuant to a voluntary departure to Mexico.

6.    Susbequent to Ms. Gil De Carreon's entry and their later marriage, Mr. Carreon

filed a Form I-130, Petition for Relative on behalf of his wife, Ms. Gil De Carreon, which was

later granted by USCIS.

7.    Following Ms. Gil De Carreon's voluntary departure to Mexico in 2005, and the

approval of the Form I-130, Mr. Carreon filed to adjust Ms. Gil De Carreon's status to that of

lawful permanent resident under INA § 245(a), 8 U.S.C. § 1255(a)[2].   In anticipation of Ms. Gil

De Carreon's potential inadmissibility under INA § 212(a)(9)(B)(i)(II), 8 U.S.C. § 1182

(a)(9)(B)(i)(II), she filed for a waiver under INA § 212(a)(9)(B)(v), 8 U.S.C. § 1182 (a)(9)(B)(v)

pursuant to Form I-601.

8.    On or about November 22, 2005, Ms. Gil De Carreon had an interview for her

eligibility for adjustment of status at the American Consulate General in Ciudad Juarez, Mexico.

---

(...cont'd) resulting division of jurisdictions between DHS and Executive Office for Immigration
Review, which includes the immigration court and BIA, and which remains an agency within the
Department of Justice under the direction of the Attorney General. See 68 Fed.Reg. 10349 (Mar.
5, 2003)(available at 2003 WL 724287)


[2]When Plaintiffs applied for adjustment of status in 2005 under INA § 245(a), 8 U.S.C. §
1255(a), such section read, in pertinent part, "[t]he status of any other alien having an approved
petition for classification *under subparagraph (A)(iii)*, (A)(iv), (B)(ii), or (B)(iii) of section
204(a)(1) *may be adjusted by the Attorney General...to that of an alien lawfully admitted for
permanent residence* if (1) the alien makes an application for such adjustment, (2) the alien is
eligible to receive an immigrant visa and is admissible to the United States for permanent
residence, and (3) an immigrant visa is immediately available to him at the time his application is
filed." INA § 204(a)(1)(A)(iii)(II), 8 U.S.C. § 204(a)(1)(A)(iii)(II)(aa)(AA) involves approved
petitions, under Form I-130, for "spouse of citizen of the United States."

1    In that interview, the Interviewing Officer determined that because Ms. Gil De Carreon has

2    entered the United States in April of 1996 until a voluntary departure in April of 2005, she had

3    accrued more than 1 year of unlawful presence in the United States making her inadmissible to

4    the United States pursuant to INA § 212(a)(9)(B)(i)(II), 8 U.S.C. § 1182 (a)(9)(B)(i)(II)[3].  The

5    Interviewing Officer additionally found that she had failed to meet the hardship standard for her

6    requested waiver[4] of inadmissibility.

7        9.    Plaintiffs, through prior counsel Yolanda Barajas of Catholic Charities

8    Immigrant Services in San Diego, California, timely appealed the Interviewing Officer's decision

9    and denial to the Administrative Appeals Office (hereinafter "AAO") in Washington, D.C.  In

10   support of their appeal, Petitioners submitted, *iner alia*, documentary evidence consisting of

11   correspondence from counsel, declaration from Mr. Carreon as to his existent hardship,

12   photographic evidence, letters of support, and a letter from a treating physician. (See **Exhibit**

13   **"A"**, true and correct copies of evidence submitted in behalf of Plaintiff's AAO appeal, attached

14   and incorporated by reference.)

15       10.   On August 28, 2007, the AAO, acting on behalf of Defendants, denied Plaintiffs'

16   appeal. (See **Exhibit "B"**, true and correct copy of AAO Decision, dated August 28, 2007,

17   attached and incorporated by reference.)  In doing so, the AAO proceeded to attempt to define the

18   hardship standard under INA § 212(a)(9)(B)(v), 8 U.S.C. § 1182 (a)(9)(B)(v) based on the Board

19   of Immigration Appeals (hereinafter "Board" or "BIA") decision in Matter of Cervantes-

20   Gonzalez, 22 I&N Dec. 560 (BIA 1999). (Id.)  With this standard in mind and the evidence

21   submitted, the AAO determined that Plaintiffs had simply not met the standard of hardship

22   necessary to differentiate their case from the hardships typically suffered by aliens and citizen-

23

24        [3]This section essentially reads that an alien who has accrued more than 1 year of lawful
25   presence in the United States who again seeks admission within 10 years of the date of the alien's
     departure, is inadmissible to the United States.
26

27        [4]INA § 212(a)(9)(B)(v), 8 U.S.C. § 1182 (a)(9)(B)(v) allows for a waiver of
     inadmissability under INA § 212(a)(9)(B)(i)(II), 8 U.S.C. § 1182 (a)(9)(B)(i)(II) if the alien can
28   prove removal would result in extreme hardship to the qualifying United States citizen spouse.

1    spouses. (See Exhibit "B".)

2         11.    The United States Attorney General, the United States Department of Homeland

3    Security, and the United States Citizenship and Immigration Services have committed legal error,

4    denied plaintiff Ms. Gil De Carreon's due process and have further abused their discretion in not

5    granting plaintiff Ms. Gil De Carreon's application for waiver of inadmissibility under  INA §

6    212(a)(9)(B)(i)(II), 8 U.S.C. § 1182 (a)(9)(B)(i)(II) for the following reasons:

7              a.    By failing to implement controlling law within  Matter of L-O-G-, 21 I. &

8    N. Dec. 413, 416 (BIA 1996), Matter of O-J-O-,21 I. & N. Dec. 381 (BIA 1996), and

9    Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir. 1995) in fully defining the requisite hardship

10   standard.

11             b.    By committing a clear abuse of discretion in total disregard of the

12   legitimate and corroborative evidence presented in support of Plaintiffs' appeal with respect the

13   properly defined hardship standard.

14        12.    There is now existing between the parties hereto an actual, justifiable controversy.

15   Therefore, plaintiffs Ms. Gil De Carreon and Mr. Carreon are each entitled to a declaration of

16   their rights and for further relief sought, based upon the circumstances previously set forth.

17

18        WHEREFORE, PLAINTIFFS pray the Honorable Court:

19   I.    Adjudge and declare the actions by the Defendants in denying the application for

20   Waiver of Grounds of Excludability (Form I-601) under INA § 212(a)(9)(B)(v), 8 U.S.C. § 1182

21   (a)(9)(B)(v) were unlawful;

22   II.    Further deem that a Waiver of Grounds of Excludability (Form I-601) under INA

23   § 212(a)(9)(B)(v), 8 U.S.C. § 1182 (a)(9)(B)(v) be conferred to Plaintiff DELFINA GIL DE

24   CARREON thereby waiving the application of inadmissibility under INA § 212(a)(9)(B)(i)(II), 8

25   U.S.C. § 1182 (a)(9)(B)(i)(II) ;

26   III.    Permanently bar and enjoin the Defendants, their agents and/or subordinates, from

27   causing Plaintiff DELFINA GIL DE CARREON to enter into the United States until a full and

28   complete hearing on the merits of the within complaint, and any extensions and continuances

1   thereof, any appeal therefrom has been entertained and exhausted.

2       IV.     Issue an order declaring that the Defendants' denial or failure to issue any

3   decision on Plaintiff DELFINA GIL DE CARREON's application for Waiver of Grounds of

4   Excludability (Form I-601) under INA § 212(a)(9)(B)(v), 8 U.S.C. § 1182 (a)(9)(B)(v) is contrary

5   to her Constitutional rights, power and privilege of immunity within the meaning of 5 U.S.C.

6   Section 706(2)(B), and arbitrary, capricious, and abuse of discretion, or otherwise not in

7   accordance with the law within the meaning of 5 U.S.C. Section 706(2)(A).

8       V.      Award attorney's fees and costs to Plaintiffs.

9       VI.     Grant any other and further relief that the Honorable Court may deem fit and

10  proper.

11

12                                  Respectfully submitted,

13                                  LAW OFFICES OF MURRAY D. HILTS

14

15  DATE:___2-29-8_____        _____

16                                  MURRAY HILTS, ESQ.
                                    Attorney for Plaintiffs,
17                                  DELFINA GIL DE CARREON and
                                    ENRIQUE EVELIO CARREON

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "A"

# CATHOLIC CHARITIES

*Immigrant Services*

Date: December 5, 2005

U.S. DHS/US CIS
P.O. Box 9896
El Paso, TX 79995

Re: CDJ 2004 619 271          Delfina Gil De Carreon

Dear Officer,

In representation of the above named applicant we hereby submit an appeal to your decision issued on November 22, 2005 on this matter.

The above applicant submitted a waiver of excludability before the General Consulate General of the United States in Cd. Juarez, Chih., Mexico. Due to poor legal advise and preparation of their application sponsor failed to submit sufficient documentation in support of this wife's case.

Sponsor in this case is an American Citizen who has been experiencing extreme hardship due to the separation of his family. In fact as a consequence of this separation his children have been greatly affected not only physically but mentally. Mr. Carreon has been suffering extremely as a consequence of this separation and continues to be greatly affected by this entire situation.

We understand that both Mr. and Mrs. Carreon had the opportunity to present the hardship factors in support of their situation. However, the poor preparation of their documentation by a notary public that did not know how to prepare their application has caused them a great hardship.

Based on the above factors we would like your office to review the attached documentation in support of the hardship that Mr. Carreon is currently being affected by and grant his wife the opportunity to return to the United States to live with her husband and children.

Sincerely,

Yolanda Barajas
BIA Rep.

OMB No. 1615-0000

Department of Homeland Security
U. S. Citizenship and Immigration Services

**I-290B, Notice of Appeal to the**
**Administrative Appeals Office (AAO)**

Fee Stamp

In the Matter of:

Delfina Gil De Carreon
c/o Enrique Evelio Carreon

File Number:
CDJ 2004 619 271

---

**1.** I am filing an appeal from the decision dated:

Nov. 22, 2005

---

**2.** Please check the **one** block that applies:

☐ I am not submitting a separate brief or evidence.

☑ I am submitting a separate brief and/or evidence with this form.

☐ I am sending a brief and/or evidence to the AAO within 30 days.

☐ I need _____ days to submit a brief and/or evidence to the AAO. *(May be granted only for good cause shown. Explain in a separate letter, and attach the letter to your form.)*

---

**Person Filing Appeal**

Signature _____

Name  Yolanda Barajas, BIA Rep/

Address  4575-B Mission Gorge Pl.
                              *Number*                    *Street*
San Diego, CA          92120
*City*              *State*        *Zip Code*

Telephone No. (619)  287-9454  Ext. 181

E-mail address, if any _____

Date  Dec. 5, 2005

☑ I am an attorney or representative, and I represent:
Delfina Gil De Carreon

*Person and/or organization for whom you are appearing.*

Telephone No. ( 619)  287-9454  Ext 181

E-mail address, if any _____

**You must attach a Notice of Entry of Appearance (Form G-28) if you are an attorney or representative and did not submit such a form before.**

---

**3.** Briefly, state the reason(s) for this appeal:

Form I-290B (Rev. 03/04/05)N

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Entry of Appearance
as Attorney or Representative**

| |
|---|
| Appearance - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. Availability of Records - During the time a case is pending, and except as otherwise provided in 8CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10. |

In re:   **Enrique E. Carreon**

Date   **12/01/2005**

File No.

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following named person(s):

Name
**Delfina**            **Gil**            **De Carreon**

☐ Petitioner        ☐ Applicant
☒ Beneficiary

Address   (Apt. No.)        (Number & Street)              (City)              (State)              (ZIP Code)
**253**        **Richardson Ave.**              **El Cajon**          **CA**              **92020**

Name

☐ Petitioner        ☐ Applicant
☐ Beneficiary

Address   (Apt. No.)        (Number & Street)              (City)              (State)              (ZIP Code)

*Check applicable Item(s) below:*

☐ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia _____
_____   _____   and am not under a court or administrative agency
                                        Name of Court
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☒ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board: **CATHOLIC CHARITIES**

☐ 3. I am associated with _____
the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request. *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

☐ 4. Others (Explain fully.)

SIGNATURE

NAME (Type or Print)
**Yolanda Barajas/BIA Rep.**

COMPLETE ADDRESS
**CATHOLIC CHARITIES**
**4575 Mission Gorge Pl. Suite B**
**San Diego        CA   92120**

TELEPHONE NUMBER
**(619) 287-9454      (619) 287-9905**

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*
   **Yolanda Barajas, BIA Rep.**

_____
(Name of Attorney or Representative)

*THE ABOVE DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*
**Immigration Case**

| Name of Person Consenting | Signature of Person Consenting | Date |
|---|---|---|
| **Enrique  Evelio Carreon** | | **12/01/2005** |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.

This form may not be used to request records under the Freedom of Information Act and the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09-26-00)Y

## DECLARATION OF ENRIQUE E. CARREON IN SUPPORT OF APPEAL OF I-601 WAIVER OF Grounds of Excludabiliy DECISION

### CDJ 2004619271   Gil De Carreon, Delfina

I, Enrique E. Carreon hereby state that the following declaration is true and correct to the best of my knowledge.

My full and complete name is Enrique Carreon.  I was born in Puebla Mexico and in February 2002 I became a Naturalized Citizen of the United State.

I met Delfina Gil in about 1993 while vacationing in Puebla, Mexico.  At that time we started dating and every year after that I visited her and after knowing each other for about 3 years I proposed marriage to her and we got married in 1996.

We were young and inexperienced at the time.  Soon after we got married I retuned to my residence in the United States.  Due to our family separation Delfina decided to come to live with me in the United States without papers.

At that time I had no experience and I did not consulted anyone of how I could legalize her status.  I deeply regret not have had filed papers for her before and even though this is not excusable it was due to poor advise on this matter.

In 1997 our first son, Deban Enrique Carreon was born on February 20, 1997.  He was born in San Diego, California.  Our second child, Pricila Evonne was born on February 10, 2001.

In about 2001 I decided to apply for my Naturalization process in order to file papers for my wife Delfina and in February 19, 2002 I was granted my Citizenship.  Shortly after I received my certificate I filed papers for Delfina.

I knew nothing about the immigration process and based on this I requested the assistance of an immigration consultant that re assured

1

me that she knew how to prepare my case. I relied on her to handle my wife's case and I realized later that my wife's case was poorly prepared.

Once my wife finally received her appointment for her interview the consular officer requested that we file a waiver for which my wife and I were not prepared but we managed to have someone there to prepare it for us but we were not sure if the document satisfied the standards of the procedure.

The fact is that due to this process my wife has now been staying in Puebla, Mexico separated from our son and me.  The consequences of our separation had greatly affected me in much different way.

I've had to keep our oldest son, Deban Enrique (8) who attends Johnson Elementary. Since my wife left to Mexico our son wakes up crying every night for his mother's absence. Due to this separation I have also been affected not only emotionally as this separation has made me feel depress to see my family separated for such long time.  My wife also took our youngest daughter who has gotten sick on several occasions because she is not accustomed to the climate and living conditions in Mexico and this entire situation is devastating for our children and me.

I realize that these factors were not mentioned when I presented the waiver in support my wife's Excludability but it was not aware of what need to be presented in support of this waiver and I relied on the poor preparation of this document on others to prepare trusting them that they knew what needed to be presented.

Based on the above facts I ask that you please reconsider your previous decision and give my wife the opportunity to return with our children and me to the United States.

As a consequence of this separation I have suffered extremely and this has caused a great hardship for myself and our children who deeply missed their mother as much as I do.  I am the head of household and my children depend on me both emotionally and financially and If I end up a nervous breakdown this will have a great effect on my and my family.

Once again please accept that additional supporting documents that Mrs. Yolanda Barajas, an Accredited Representative from a Catholic Based Organization has kindly prepared form in support of this appeal and last hope for your agency to grant my wife the opportunity to return with us her family in the United States

*[signature]*                    December 1, 2005

# CERTIFICATE OF NATURALIZATION

No. 29235661

INS Registration No.

A044336069

*Personal description of holder as of date of naturalization:*

Sex or class of admission:  **MALE**   Date of birth:  **JULY 23, 1975**

Height:  **5 feet   7 inches**   Marital status:  **MARRIED**

Country of former nationality:

**MEXICO**

*I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.*

_____
(Complete and true signature of holder)

*Be it known that, pursuant to an application filed with the Attorney General,*

*The Attorney General having found that:*

**ENRIQUE EVELIO CARREON**

at: **SAN DIEGO, CALIFORNIA**

then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all respects complied with the applicable provisions of such naturalization laws, and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the

**US DISTRICT COURT FOR THE US**

at: **SAN DIEGO, CALIFORNIA**   on: **FEBRUARY 19, 2002**

*that such person is admitted as a citizen of the United States of America.*

_____
Commissioner of Immigration and Naturalization

**CATHOLIC CHARITIES**

*Refugee and Immigrant Services*

# TRANSLATION OF MARRIAGE CERTIFICATE

1. Mr. _____ENRIQUE_____ _____EVELIO_____ _____CARREON HERRERA_____
(first) (middle) (last)

and Mrs. _____DELFINA_____ _____ _____GIL BRAVO_____
(first) (middle) (last)

2. Were Married:

On: _____APRIL_____ _____7_____ _____1996_____
(month) (day) (year)

3. In: _____PIAXTLA_____ _____PUEBLA_____ _____MEXICO_____
(city or town) (state or province) (country)

4. By: _____NOT SHOWN_____
(name of judge of magistrate)

5. Witness: 1. _____RAUL_____ _____GIL_____
(middle) (last)

2. _____ERNESTO_____ _____RODRIGUEZ ORTEGA_____
(first) (middle) (last)

6. Certificate Issued: On: _____APRIL_____ _____07_____ _____1996_____
(month) (day) (year)

7. In: _____PIAXTLA_____ _____PUEBLA_____ _____MEXICO_____
(city or town) (state or province) (country)

8. By: _____NOT SHOWN_____
(name of judge of magistrate)

9. Certificate Found Archive or Register: _____02_____ Page _____01_____ No. _____0040_____

10. **IMPORTANT NOTATIONS:**

NONE

---

## CERTIFICATE OF TRANSLATOR'S COMPETENCE

I, _____YOLANDA BARAJAS_____ hereby certify that the above is an accurate translation of the

[X] original/ [ ] photocopy of the "Marriage Certificate" in the _____SPANISH_____ language and that

I am competent in both English and _____SPANISH_____ to render such translation.

_____12/05/05_____
(date)

_____
(signature of translator)

**Catholic Charities**

A COMMUNITY SERVICE MINISTRY
**Diocese of San Diego**

4575 Mission Gorge Place, Suite A, San Diego, CA 92120 * Tel. (619) 287-9454 * Fax (619)287-6328

Member Agency of United Way * Member Agency of Catholic Charities USA

# ESTADOS UNIDOS MEXICANOS

## ESTADO LIBRE Y SOBERANO DE PUEBLA
### DIRECCION DEL REGISTRO DEL ESTADO CIVIL

## ACTA DE MATRIMONIO

| | CLAVE UNICA DE REGISTRO DE POBLACION |
|---|---|
| EL | | | | | | | | | | | | | | | | | | |
| ELLA | | | | | | | | | | | | | | | | | | |

| ZGADO No. | LIBRO No. | ACTA No. | LOCALIDAD | | | | FECHA DE REGISTRO | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | PROGRESO | HORA | | AÑO | MES | DIA |
| INICIPIO | | | TLAXILA | ENTIDAD FEDERATIVA PUEBLA | 15;006 | | 04 | 07 |

**CONTRAYENTES**

BRE DE EL: ENRIQUE EVELIO CAMISON DEANGON
NOMBRE(S) / (PRIMER APELLIDO) / (SEGUNDO APELLIDO)

AR DE NACIMIENTO: YEHA PROGRESO TLAXILA (LOCALIDAD) / (MUNICIPIO) / (ENTIDAD FEDERATIVA)

NACIONALIDAD: MEXICANA (LOCALIDAD)   OCUPACION CAMPESINO   FECHA DE NACIMIENTO 23 JULIO DE 1975   EDAD 22 AÑOS

MICILIO: CONOCIDO YEHA PROGRESO TLAXILA PUEBLA

BRE DE ELLA: DELFINA GIL BRAVO
NOMBRE(S) / (PRIMER APELLIDO) / (SEGUNDO APELLIDO)

AR DE NACIMIENTO: PROGRESO TLAXILA (LOCALIDAD) / (MUNICIPIO) / (ENTIDAD FEDERATIVA)

ONALIDAD: MEXICANA (LOCALIDAD)   OCUPACION LABORES DEL HOGAR   FECHA DE NACIMIENTO 24 DICIEMBRE 1977   EDAD 18 AÑOS

MICILIO: CONOCIDO YEHA PROGRESO TLAXILA PUEBLA

**PADRES DEL CONTRAYENTE**

IRE DEL PADRE: LUCIANO CAMISON MEDINA   NACIONALIDAD MEXICANA   EDAD 56 AÑOS
CILIO: YEHA PROGRESO TLAXILA PUEBLA   OCUPACION CAMPESINO

RE DE LA MADRE: AMELITA IBARRA PEREZ   NACIONALIDAD MEXICANA   EDAD 51 AÑOS
CILIO: YEHA PROGRESO TLAXILA PUEBLA   OCUPACION LABORES DEL HOGAR

**PADRES DE LA CONTRAYENTE**

IE DEL PADRE: FACUNDO GIL GIL   NACIONALIDAD MEXICANA   EDAD AÑOS
LIO: PROGRESO TLAXILA PUEBLA   OCUPACION CAMPESINO

E DE LA MADRE: FLORENTINA BRAVO MENDOZA   NACIONALIDAD MEXICANA   EDAD AÑOS
LIO: PROGRESO TLAXILA PUEBLA   OCUPACION LABORES DEL HOGAR

**TESTIGOS**

E: RAUL GIL MENO   NACIONALIDAD MEXICANA   EDAD AÑOS
CION: CAMPESINO   PARENTESCO NINGUN   DOMICILIO PROGRESO TLAXILA PUEBLA

: MODESTO RODRIGUEZ ORTEGA   NACIONALIDAD MEXICANA   EDAD AÑOS
CION: CAMPESINO   PARENTESCO NINGUNO   DOMICILIO PROGRESO TLAXILA PUEBLA

N SU CONSENTIMIENTO POR MINORIA DE EDAD DE EL ( ) DE ELLA ( )

PERMISO LA SECRETARIA DE GOBERNACION AL EL ( ) A ELLA ( ) POR SER EXTRANJERO EN OFICIO No. _____ DE FECHA _____

TRATO DE MATRIMONIO ESTA SUJETO AL REGIMEN DE: SEPARACION DE BIENES ( )   SOCIEDAD CONYUGAL SIN CAPITULACIONES ( )   SOCIEDAD CONYUGAL CON CAPITULACIONES ( )

IA: _____ NO SE DENUNCIO IMPEDIMENTO ( ) SE DISPENSO AL EXISTENTE ( )

O CON LO DISPUESTO POR LOS ARTICULOS 905 Y 906 DEL CODIGO CIVIL, POR NO HABER IMPEDIMENTO O DISPENSADO ESTE, Y HABIENDO MANIFESTADO LOS CONTRAYENTES SU VOLUNTAD DE UNIRSE EN ... NIO, LOS DECLARE UNIDOS EN NOMBRE DE LA LEY Y LA SOCIEDAD.

CIONES:

PRESENTE Y CONFORMES CON SU CONTENIDO, LA RATIFICAN Y FIRMAN QUIENES EN ELLA INTERVINIERON Y SABEN HACERLO. Y LOS ... SABEN ESTAMPAN SU HUELLA DIGITAL. DOY FE.

| | HUELLA DE EL |
|---|---|
| CONTRAYENTES *rique Camion*   *DELFINA GIL BRAVO* | |
| PADRES DE EL *angelita c* | HUELLA DE ELLA |
| PADRES DE ELLA *uando Gil Gil Florentina Bravo mendoza* | |
| TESTIGOS *Modesto Rodriguez Ortega* | SELLO DEL |

CERTIFICATION OF VITAL RECORD

# COUNTY OF SAN DIEGO

### CERTIFICATE OF LIVE BIRTH
### STATE OF CALIFORNIA

I. 199737 004489

| | | | | |
|---|---|---|---|---|
| STATE FILE NUMBER | | | | LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER |

| THIS CHILD | 1A. NAME OF CHILD – FIRST (GIVEN) **DEBAN** | 1B. MIDDLE **ENRIQUE** | 1C. LAST (FAMILY) **CARREON** | |
|---|---|---|---|---|
| | 2. SEX **MALE** | 3A. THIS BIRTH, SINGLE, TWIN, ETC. **SINGLE** | 3B. IF MULTIPLE, THIS CHILD 1ST, 2ND, ETC. | 4A. DATE OF BIRTH—MO/DAY/CCYY **02/20/1997** | 4B. HOUR — (24 HOUR CLOCK TIME) **1234** |

| PLACE OF BIRTH | 5A. PLACE OF BIRTH – NAME OF HOSPITAL OR FACILITY **ALVARADO HOSPITAL MED. CNTR** | 5B. STREET ADDRESS – STREET, NUMBER, OR LOCATION **6655 ALVARADO ROAD** | |
|---|---|---|---|
| | 5C. CITY **SAN DIEGO** | 5D. COUNTY **SAN DIEGO** | 5E. PLANNED PLACE OF BIRTH **HOSPITAL** |

| FATHER OF CHILD | 6A. NAME OF FATHER – FIRST (GIVEN) **ENRIQUE** | 6B. MIDDLE **EUELIO** | 6C. LAST (FAMILY) **CARREON** | 7. STATE OF BIRTH **MEXICO** | 8. DATE OF BIRTH **07/23/1975** |
|---|---|---|---|---|---|

| MOTHER OF CHILD | 9A. NAME OF MOTHER – FIRST (GIVEN) **DELFINA** | 9B. MIDDLE | 9C. LAST (MAIDEN) **GIL** | 10. STATE OF BIRTH **MEXICO** | 11. DATE OF BIRTH **12/24/1977** |
|---|---|---|---|---|---|

| PARENT'S CERTIFICATION | I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND CORRECT TO THE BEST OF MY KNOWLEDGE | 12A. PARENT OR OTHER INFORMANT – SIGNATURE *Enrique Carreon* | 12B. RELATIONSHIP TO CHILD **FATHER** | 12C. DATE SIGNED **02/21/1997** |
|---|---|---|---|---|

| CERTIFICATION OF BIRTH | I CERTIFY THAT THE CHILD WAS BORN ALIVE AT THE DATE, HOUR AND PLACE STATED | 13A. ATTENDANT OR CERTIFIER – SIGNATURE – DEGREE OR TITLE *La ___ M.D.* | 13B. LICENSE NUMBER **A054417** | 13C. DATE SIGNED **02/21/1997** |
|---|---|---|---|---|
| | 13D. TYPED NAME, TITLE AND MAILING ADDRESS OF ATTENDANT OR CERTIFIER IF OTHER THAN ATTENDANT **LAC VU, MD, 7808 LINDA VISTA RD, SAN DIEGO** | | | |

| LOCAL REGISTRAR | 15A. DATE OF DEATH | 15B. STATE FILE NO. (STATE USE ONLY) | 16 LOCAL REGISTRAR – SIGNATURE | 17. DATE ACCEPTED FOR REGISTRATION **02/25/1997** |
|---|---|---|---|---|

County of San Diego - Department of Health Services - 3151 Zuccrana Street. This is to certify that, if bearing the OFFICIAL SEAL OF THE STATE OF CALIFORNIA, the OFFICIAL SEAL OF SAN DIEGO COUNTY AND THEIR DEPARTMENT OF HEALTH SERVICES EMBOSSED SEAL, this is a true copy of the ORIGINAL DOCUMENT FILED. Required fee paid.

0017393

DATE ISSUED: May 12, 1997

ROBERT K. ROSS, M.D.
REGISTRAR OF VITAL RECORDS
County of San Diego

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.





ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE



# COUNTY OF SAN DIEGO

## GREGORY J. SMITH
### ASSESSOR/RECORDER/COUNTY CLERK

CERTIFICATE OF LIVE BIRTH    I 200137 004812
STATE OF CALIFORNIA
USE BLACK INK ONLY

STATE FILE NUMBER      LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER

| | | | | |
|---|---|---|---|---|
| **THIS CHILD** 0152 | 1A NAME OF CHILD — FIRST (GIVEN) **PRICILA** | 1B MIDDLE **EVONNE** | 1C LAST (FAMILY) **CARREON** | |
| | 2. SEX **FEMALE** | 3A THIS BIRTH, SINGLE, TWIN, ETC **SINGLE** | 3B IF MULTIPLE, THIS CHILD 1ST, 2ND ETC — | 4A DATE OF BIRTH — MM/DD/CCYY **02/10/2001**    4B HOUR — (24 HOUR CLOCK TIME) **1306** |
| **PLACE OF BIRTH** | 5A PLACE OF BIRTH — NAME OF HOSPITAL OR FACILITY **ALVARADO HOSPITAL MED CNTR** | 5B STREET ADDRESS — STREET, NUMBER, OR LOCATION **6655 ALVARADO ROAD** | | |
| | 5C CITY **SAN DIEGO** | 5D COUNTY **SAN DIEGO** | 5E PLANNED PLACE OF BIRTH **HOSPITAL** | |
| **FATHER OF CHILD** | 6A NAME OF FATHER — FIRST (GIVEN) **ENRIQUE** | 6B MIDDLE **EVELIO** | 6C LAST (FAMILY) **CARREON** | 7 STATE OF BIRTH **MEXICO**   8. DATE OF BIRTH **07/23/19..** |
| **MOTHER OF CHILD** | 9A NAME OF MOTHER — FIRST (GIVEN) **DELFINA** | 9B MIDDLE **ALMA** | 9C LAST (MAIDEN) **GIL** | 10. STATE OF BIRTH **MEXICO**   11. DATE OF BIRTH **12/24/19..** |
| **INFORMANT CERTIFICATION** | I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE | 12A. PARENT OR OTHER INFORMANT — SIGNATURE *Nancy Wilderstrand* | 12B. RELATIONSHIP TO CHILD **MED REC CLERK** | 12D. DATE SIGNED **02/14/200...** |
| **CERTIFICATION OF BIRTH** | I CERTIFY THAT THE CHILD WAS BORN ALIVE AT THE DATE, HOUR AND PLACE STATED | 13A. ATTENDANT OR CERTIFIER — SIGNATURE — DEGREE OR TITLE *Nancy Cervi* | 13B. LICENSE NUMBER **G32928** | 13C. DATE SIGNED **02/14/200...** |
| | 13D. TYPED NAME, TITLE AND MAILING ADDRESS OF ATTENDANT **C. HAMILTON STEELE, MD, 8851 CENTER DR, LA MESA, CA** | 14 TYPED NAME AND TITLE OF CERTIFIER IF OTHER THAN ATTENDANT **NANCY CERVI, DIRECTOR** | | |
| **LOCAL REGISTRAR** | 15A. DATE OF DEATH | 15B. STATE FILE NO. (STATE USE ONLY) | 16. LOCAL REGISTRAR — SIGNATURE *Gary R Barnett* | 17 DATE ACCEPTED FOR REGISTRATION **02/23/2001** |



This is a true certified copy of the record
if it bears the seal, imprinted in purple ink
of the Recorder. APR 06 2001



Recorder/County Clerk
San Diego County, California

511712





Delfina
and Deban & daughter Priscila



Enrique & Wife Define



Joban (USC) & Priscils (4.)
                          (USC)
Children of
                 baby
Enrique Carreon & Delfina



Fam. Photo



**REINFORCING & STRUCTURAL STEEL**

To whom it may concern,

Enrica Carreon Has been having a ruff Time since his wife Delfina Carreon had to go back to Mexico, He has had to take off work to take his son to school AND To The Doctor's office, Enrica AND his family have been under a hardship ever since his wife had to leave for mexico, I have KNOWN Enrica for 5 years, He has worked for me as a Driver AND Lead man in our business. He is a good friend AND a good Employe, He is hard working and very Concienes about every thing he does, If you could give him AND his family some help to get his wife back To the wsa, that would be very much appreciated. They Need to be a family again, thank you.

Victor L Minshew
Superintew of Minshew
Bros Steel

Victor L M

(619) 561-5700 • FAX (619) 561-4758
MAILING ADDRESS: P.O. BOX 1000, LAKESIDE, CA 92040
STREET ADDRESS: 12578 VIGILANTE ROAD, LAKESIDE, CA 92040
CALIFORNIA CONTRACTORS LICENSE #677945 C50 / C51



Fecha: 10/20/04

Sr./Sra: Carreon

Hemos tratado de ponernos en contacto con usted sobre su referencia a el especialista.

Su referencia para el dermatologo de Devan ya fue autorizada.

Porfavor llame a el Dr. Thorne 4429441 y haga cita a su convenencia.
Su numero de autorizacion es 40625006

Adjunto encuentre una copia de su autorizacion. Una copia ya fue mandada a el especialista pero se reccomienda que lleve su copia a su cita.

Porfavor llame a nuestra oficina con cualquier pregunta 4010404.

Gracias,

Lelia

727 W. San Marcos Blvd., Ste. 112
San Marcos, California 92069
6 1 9 • 5 9 1 • 0 6 0 6
f a x • 5 9 1 • 3 5 3 4

835 3rd Ave., Ste. A
Chula Vista, California 91911
6 1 9 • 4 2 2 • 5 7 5 4
f a x • 4 2 2 • 6 7 2 0

345 N. Magnolia Ave., Ste. 104
El Cajon, California 92020
6 1 9 • 4 0 1 • 0 4 0 4
f a x • 4 0 1 • 0 7 6 0

Mark Shaffer, M.D. • Alfredo Ratniewski, M.D. • Georges Argoud, M.D. • David Kaufer, M.D.
Thomas Watson, M.D. • Michael Berry, M.D. • Elizabeth Mannino, M.D.

**Please Print Legibly**

☐ MEDI-CAL
☐ MEDI-MEDI
☐ GROUP HEALTH PLAN
☐ HEALTHY FAMILIES
☐ OTHER

# Community
H e a l t h  G r o u p

## REFERRAL AUTHORIZATION REQUEST FORM
PHONE: 1-800-945-5670  (619) 498-6400   FAX: (619) 425-5348

DATE ORDERED: 6/24/04

☑ ROUTINE (Within 3 days)     ☐ URGENT (Within 24 hrs – if Medically Urgent)

PRIMARY CARE SITE: _____ ee     CLINIC CONTACT: lilian     PHONE NUMBER: 4010/04     FAX NUMBER: 4010760

PATIENT NAME (LAST): Carreon  (FIRST): Devan  (MI): ___     SOCIAL SECURITY NUMBER /SUBSCRIBER ID: 1003964615     DATE OF BIRTH: 2/20/92

PATIENT ADDRESS                    CITY          STATE     ZIP        TELEPHONE

Is this a CCS Eligible Diagnosis? ☐Yes  ☐No

IF THIS IS A CCS DIAGNOSIS, PLEASE FAX A COMPLETED CCS REFERRAL TO CCS. ATTACH A COPY OF THE CCS REFERRAL TO THIS FORM TO EXPEDITE REQUEST.

ICD-9 CODE: _____ (Primary Diagnosis)    ICD-9 CODE: _____    ICD-9 CODE: _____    DSM-IV CODE: _____

Diagnosis and Reason for Request: ATTACH MEDICAL DOCUMENTATION TO SUPPORT YOUR REQUEST IN ORDER TO EXPEDITE TIMELY PROCESSING.

pt to see derm
dx= dark pigment on forehead

REQUESTING PROVIDER (Signature): _____     Please Print Name: Ratniewski

### SERVICES REQUESTED          (CHECK ALL APPROPRIATE ITEMS)

PROCEDURE/SERVICE CPT / HCPC

SPECIALTY REQUESTED: _____   ☐ CONSULTATION /EVALUATION    ☐ F/U VISIT    ☐ PROCEDURE

OUTPATIENT TREATMENT/REHAB - TYPE: _____   FREQ/DURATION: _____  No. OF VISITS: _____    99243

HOME HEALTH CARE: _____   FREQ/DURATION: _____  No. OF VISITS: _____    99213 X 3

OUTPATIENT DIAGNOSTIC STUDY: _____

OUTPATIENT SURGERY: _____

HOSPITALIZATION: _____

HIGH RISK OB: _____

DME: _____

OTHER: _____

☑ APPROVED  6/28    ☐ MODIFIED    ☐ DENIED    ☐ DEFERRED Date: _____    ☐ DEFERRED Date: _____    SIGNATURE    DATE:

REVIEW: _____

40625006

THIS AUTHORIZATION ONLY CONFIRMS THE MEDICAL NECESSITY OF THE SERVICES YOU HAVE REQUESTED. IT IS NOT A GUARANTEE OF PAYMENT. DETERMINATION OF PAYMENT WILL BE BASED ON ELIGIBILITY AND PLAN BENEFITS AT THE TIME SERVICES ARE RENDERED.

**APPOINTMENT/ADMISSION IS SCHEDULED WITH:**

Dr. Thorne, Michael          443 9441
DOCTOR/FACILITY        ADDRESS        TELEPHONE

DATE        TIME        CASE NUMBER        BY: _____

# SUMMARY TRANSLATION

Dr. Carlos Vargas Avila
UAG License No. 1446228

Tijuana B.C. Mexico November 30, 2005

To whom it may concern:

   This is to verify that Devan Carreon Gil of 8 years of age has received medical care in this clinic. The above named child has been brought by his father Mr. Enruique Carreon during the past six months due to symptoms of depression as a consequence of his separation from his mother. This child lacks interest in daily activities at home and school and has lack of appetite.

Attentively,

Dr. Alejadro Covarruibia
General Medicine
License No. 4430880

Medical Unit Santa Fe
RFC VAAC-580131-NF2
Calle Emiliano Zapata 2804
EX-Ejido Chilpancingo
Tijuana, B.C., Tel 624-6929

## CERTIFICATION OF TRANSLATOR'S COMPETENCE

I, Yolanda Barajas, hereby state that the I am competent in both Spanish and English to render the above translation

Date:  December 5, 2005

Yolanda Barajas
BIA Rep.
Catholic Charities
Immigrant Services
4575-B Mission Gorge Pl.
San Diego, CA 92120

(619)287-9454 Ext. 181
(619)287-9905



## *Dr. Carlos Vargas Avila*

U.A.G. Ced. Prof.1446228

## **Unidad Medica Santa Fe**

Tijuana B.C. a 30 Nov. 2005

A quien corresponda:

      Por medio del presente hago constar que el niño Devan Carreon Gil de 8 años de edad ha sido atendido en esta clinica a donde es traido pop su padre Enrrique Carreon durante los ultimos seis meses a cursado el niño con datos de depresion por la falta de contacto por su madre, manifestandose4 en perdid y falta de interes en sus actividades diarias tanto escolares como diversion asi como perdida del apetito, motivo por el cual considero que un reencuentro con su madre seria favorable para su mejor desarrollo

Sin Mas por el mopmento quedo a su entera disposicion.

atte. Dr Alejansdro Covarrubia
Medico General
Ced. Prof. 4430880

UNIDAD MEDICA SANTA FE
R.F.C. VAAC-580131-NF2
CALLE EMILIANO ZAPATA 2804
FX-EJIDO CHILPANCINGO
TIJUANA, B.C. TEL. 624-6939

---

Calle Emiliano Zapata #2804  •  Ejido Chilpancingo  •  Tijuana, B.C.  •  Tel. 624-6939

# SUMMARY TRANSLATION

Intergral Hospital
Tecomatlan Puebla, November 29, 2005

To whom it may concern:

I, Dr. Marco A. Cadena Vazquez, medical doctor of Intergral Hospital of
Tecomatlan hereby state the following:

Priscila Carreon Gil, date of birth February 10, 2001 (4years of age), born in San
Diego, California and file No. 845 has received medical treatment in this hospital.

During the month of May 12, 2005 the above named child was brought up to this
unite in which she was diagnosed with a gastrointestinal infection and received
treatment by doctors in this hospital.

In June 7, 2005 the above child returned with another infection and treatment
began.

On June 28, 2005  child was brought due to high fever in which at this time required
hospitalization and was treated for depression, which were probable causes of
environmental changes, adaptation and nutrition.

On September 29, 2005 the above child returned to be treated for regression of
previous illness and has continued to be treated as part of the follow up of
treatment.

This letter is extended by Dr. Marco A. Cadena Velazquez
Services of Health Puebla, Intergral Hospital, Tecoman Puebla.

## CERTIFICATION OF TRANSLATOR'S COMPETENCE

I, Yolanda Barajas, hereby state that the I am competent in both Spanish and English to render the above translation

Date:  December 5, 2005

_____
Yolanda Barajas
BIA Rep.
Catholic Charities
Immigrant Services
4575-B Mission Gorge Pl.
San Diego, CA 92120
(619)287-9454 Ext.  181
(619)287-9905



**SSEP**
SERVICIOS DE SALUD
DEL ESTADO DE PUEBLA
2005-2011

Dependencia: HOSPITAL INTEGRAL
TECOMATLAN.
Revolución y justicia s/n U.Habitacional
Tecomatlán Pue.

Sección: DIRECCION

Mesa: CORRESPONDENCIA

Número de Oficio: 253/2005.

Tecomatlán, Puebla a 29 de Noviembre de 2005

A QUIEN CORRESPONDA:

P R E S E N T E.

ASUNTO: CONSTANCIA MÉDICA.

El que suscribe, Dr. Marco A. Cadena Vázquez, medico del Hospital Integral de Tecomatlán, y responsable de núcleo básico hace constar que: la niña:

**PRISCILA CARREON GIL**
**4 AÑOS. FECHA NACIMIENTO 10-FEBRERO 2001**
**LUGAR NACIMIENTO SAN DIEGO CALIFORNIA**

Derecho habiente a este servicio hospitalario cuenta con N. expediente 845 el cual ha estado bajo tratamiento medico supervisado por patologías diversas.

En el mes de mayo 12 2005 presenta patología infecciosa gastrointestinal viral con datos de deshidratación por lo que requirió tratamiento intrahospitalario para su mejoría con 3 días de supervisión intrahospitalaria (del 12 al 14 de mayo 2005) con egreso por mejoría con TX ambulatorio y medidas higienico dietéticas estrictas para su control.
En junio 7 2005 presenta cuadro nuevamente gastrointestinal con patología bacteriana y parasitaria con tratamiento ambulatorio y mejoría, con recomendación de medidas higiénico-dietéticas para evitar recaídas.
En junio 28 presenta patología faringea infecciosa con fiebre elevada por lo que requiere hospitalización por estar en riesgo respiratorio con 2 días de manejo intrahospitalario (28 al 30 de junio) se egresa por mejoría con tratamiento ambulatorio.
En julio 16 presenta cuadro de depresión infantil diagnosticada por medico psicólogo y pediatra secundario a cambios alimenticios, del medio ambiente y por no adaptación del entorno psicosocial al acostumbrado por ella, actualmente con mejoría notoria y en control con especialidad.
En septiembre 29 presenta nuevamente patología faringea con remisiones y exacerbaciones con estudios básicos y de cultivo para su manejo secundario a cambios ambientles,
En octubre 26 presenta cuadro rinofaringeo bacteriano con tratamiento a base de inhalatoterapia y antibióticos con mejoría evitando complicaciones respiratorias.
Actualmente en Noviembre 29 con tratamiento secundario a resfriado común con tratamiento de tipo ambulatorio.
Este historial clínico se hace constar en el expediente N. 845 del archivo del Hospital integral Tecomatlán.
El cual se extiende a petición de la interesada y para los fines que a ella convenga

SERVICIOS DE SALUD
DEL ESTADO DE PUEBLA
JRISDICCION SANITARIA N°8
HOSPITAL INTEGRAL
TECOMATLÁN PUE

ATENTAMENTE
DR. MARCO A. CADENA VAZQUEZ
CED. PROF.

Dr. Marco Antonio Cadena Vázquez
BUAP CED. 3173279

EXHIBIT "B"



Department of Homeland Security
2ssachusetts Ave. N.W., Rm. 3000
Washington, DC 20529

**U.S. Citizenship
and Immigration
Services**

DELFINA GIL DE CARREON
C/O ENRIQUE EVELIO CARREON
253 RICHARDSON AVENUE
EL CAJON, CA 92020

FILE: A 96 304 881        Office: CIUDAD JUAREZ, MEXICO        Date: AUG 2 8 2007

IN RE: Applicant:    DELFINA GIL DE CARREON

APPLICATION:    Application for Waiver of Grounds of Inadmissibility under section 212(a)(9)(B)(v) of
the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(9)(B)(v)

ON BEHALF OF APPLICANT:

YOLANDA BARAJAS, BIA REP.
CATHOLIC CHARITIES IMMIGRANT SERVICES
4575-B MISSION GORGE PLACE
SAN DIEGO, CA 92120-4106

INSTRUCTIONS:

This is the decision of the Administrative Appeals Office in your case. All documents have been returned to
the office that originally decided your case. Any further inquiry must be made to that office.

Robert P. Wiemann, Chief
Administrative Appeals Office



U.S. Department of Homeland Security
20 Massachusetts Ave. N.W., Rm. 3000
Washington, DC 20529

**U.S. Citizenship
and Immigration
Services**

DELFINA GIL DE CARREON
C/O ENRIQUE EVELIO CARREON
253 RICHARDSON AVENUE
EL CAJON, CA 92020

FILE: A 96 304 881          Office: CIUDAD JUAREZ, MEXICO          Date: AUG 2 8 2007

IN RE: Applicant:    DELFINA GIL DE CARREON

APPLICATION:    Application for Waiver of Grounds of Inadmissibility under section 212(a)(9)(B)(v) of
the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(9)(B)(v)

ON BEHALF OF APPLICANT:

YOLANDA BARAJAS, BIA REP.
CATHOLIC CHARITIES IMMIGRANT SERVICES
4575-B MISSION GORGE PLACE
SAN DIEGO, CA 92120-4106

INSTRUCTIONS:

This is the decision of the Administrative Appeals Office in your case. All documents have been returned to
the office that originally decided your case. Any further inquiry must be made to that office.

Robert P. Wiemann, Chief
Administrative Appeals Office

A 96 304 881
Page 2

**DISCUSSION**: The waiver application was denied by the Officer in Charge, Ciudad Juarez, Mexico, and is now before the Administrative Appeals Office (AAO) on appeal. The appeal will be dismissed.

The applicant is a native and citizen of Mexico who, pursuant to the record, admitted on April 6, 2005 to the interviewing officer at the American Consulate General in Ciudad Juarez, Mexico that she had entered the United States without inspection in April 1996 and had remained until April 2005, when she voluntarily departed the United States. The applicant accrued unlawful presence in excess of one year. Thus, the officer in charge determined that the applicant was inadmissible under Section 212(a)(9)(B) of the Act, which provides, in pertinent part:

> (B) Aliens Unlawfully Present.-
>
> > (i) In general. - Any alien (other than an alien lawfully admitted for permanent residence) who-
> >
> > . . . .
> >
> > (II) has been unlawfully present in the United States for one year or more, and who again seeks admission within 10 years of the date of such alien's departure or removal from the United States, is inadmissible.
> >
> > . . . .
> >
> > (v) Waiver. – The Attorney General [now the Secretary of Homeland Security (Secretary)] has sole discretion to waive clause (i) in the case of an immigrant who is the spouse or son or daughter of a United States citizen or of an alien lawfully admitted for permanent residence, if it is established to the satisfaction of the Attorney General [Secretary] that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien...

Moreover, the officer in charge concluded that that the applicant had failed to establish that extreme hardship would be imposed on a qualifying relative and denied the Application for Waiver of Grounds of Excludability (Form I-601) accordingly. *Decision of the Officer in Charge,* November 22, 2005.

In support of the appeal, the following documents were provided: a letter from the applicant's representative, dated December 5, 2005; a declaration from the applicant's spouse, dated December 1, 2005, and evidence of his U.S. citizenship; the applicant's marriage certificate and translation; the applicant's children's U.S. birth certificates; photographs of the applicant and her family; a letter and translation in support of the applicant's spouse's behalf; and letters and translations from physicians regarding the applicant's children's medical conditions. The entire record was reviewed and considered in rendering this decision.

A 96 304 881
Page 3

*Matter of Cervantes-Gonzalez*, 22 I&N Dec. 560, 565-566 (BIA 1999) provides a list of factors the Board of Immigration Appeals deems relevant in determining whether an alien has established extreme hardship pursuant to a section 212(a)(9)(B)(v) of the Act. These factors include the presence of a lawful permanent resident or United States citizen spouse or parent in this country; the qualifying relative's family ties outside the United States; the conditions in the country or countries to which the qualifying relative would relocate and the extent of the qualifying relative's ties in such countries; the financial impact of departure from this country; and significant conditions of health, particularly when tied to an unavailability of suitable medical care in the country to which the qualifying relative would relocate.

To begin, the applicant's representative states that the applicant's spouse, a naturalized U.S. citizen, "...has been experiencing extreme hardship due to the separation of his family...[the applicant's spouse] has been suffering extremely as a consequence of this separation and continues to be greatly affected by the entire situation." *Letter from Yolanda Barajas, BIA Rep., Catholic Charities*, dated December 5, 2005. The applicant's spouse further details the hardships he has experienced. As he states, "...Due to this separation I have also been affected not only emotionally as this separation has made me feel depress[ed] to see my family separated for such [a] long time....As a consequence of this separation I have suffered extremely and this has caused a great hardship for myself and our children...If I end up a nervous breakdown this will have a great effect on my and my family." *Declaration of Enrique E. Carreon*, dated December 1, 2005.

There is no documentation establishing that the applicant's spouse's financial, emotional or psychological hardship is any different from other families separated as a result of immigration problems. Moreover, no objective evidence is provided to corroborate the applicant's spouse's statements regarding his depression and distress, such as statements from a professional in the medical field documenting that the applicant's spouse is suffering from a medical condition due to the applicant's absence. Going on record without supporting documentary evidence is not sufficient for purposes of meeting the burden of proof in these proceedings. *Matter of Soffici*, 22 I&N Dec. 158, 165 (Comm. 1998) (citing *Matter of Treasure Craft of California*, 14 I&N Dec. 190 (Reg. Comm. 1972)).

The AAO recognizes that the applicant's spouse will endure hardship as a result of separation from the applicant. However, his situation, if he remains in the United States, is typical to individuals separated as a result of deportation or exclusion and does not rise to the level of extreme hardship based on the record. U.S. court decisions have repeatedly held that the common results of deportation or exclusion are insufficient to prove extreme hardship. *See Hassan v. INS*, 927 F.2d 465, 468 (9th Cir. 1991). For example, *Matter of Pilch*, 21 I&N Dec. 627 (BIA 1996), held that emotional hardship caused by severing family and community ties is a common result of deportation and does not constitute extreme hardship. In addition, *Perez v. INS*, 96 F.3d 390 (9th Cir. 1996), held that the common results of deportation are insufficient to prove extreme hardship and defined extreme hardship as hardship that was unusual or beyond that which would normally be expected upon deportation. *Hassan v. INS, supra*, held further that the uprooting of family and separation from friends does not necessarily amount to extreme hardship but rather represents the type of inconvenience and hardship experienced by the families of most aliens being deported.

The applicant's spouse further states that their son, Deban, born on February 20, 1997 in the United States, has remained in the United States with the applicant's spouse and "...wakes up crying every night for his

A 96 304 881
Page 4

mother's absence..." *Id.* at 2. A translated letter from Dr. Alejadro Covarruibia, General Medicine, Medical Unit Sante Fe, states that Deban "...has been brought by his father...during the past six months due to symptoms of depression as a consequence of his separation from his mother. This child lacks interest in daily activities at home and school and has lack of appetite." *Letter from Alejadro Covarruibia, M.D.,* dated November 30, 2005. In addition, their daughter, Pricila, born on February 10, 2001 in the United States, accompanied the applicant to Mexico and "...has gotten sick on several occasions because she is not accustomed to the climate and living conditions in Mexico..." *Supra* at 2.

Section 212(a)(9)(B)(v) of the Act provides that a waiver under section 212(a)(9)(B)(i)(II) of the Act is applicable solely where the applicant establishes extreme hardship to her citizen or lawfully resident spouse or parent. Unlike waivers under section 212(h) of the Act, section 212(a)(9)(B)(v) of the Act does not mention extreme hardship to a United States citizen or lawful permanent resident child. Nor is extreme hardship to the applicant himself a permissible consideration under the statute. In the present case, the applicant's spouse is the only qualifying relative, and hardship to the applicant or his children cannot be considered, except as it may affect the applicant's spouse. While the applicant's spouse may need to make other arrangements with respect to the children's continued physical and psychological care, children are not qualifying relatives for purposes of an inadmissibility waiver and it has not been established that any new arrangements for the psychological, emotional and financial care of the children would cause extreme hardship to the applicant's spouse.

The AAO notes that extreme hardship to a qualifying relative must be established in the event that he or she accompanies the applicant or in the event that he or she remains in the United States, as a qualifying relative is not required to reside outside of the United States based on the denial of the applicant's waiver request. In this case, the applicant's representative has not asserted any reasons why the applicant's spouse is unable to relocate to Mexico. As such, a review of the documentation in the record, when considered in its totality, reflects that the applicant has failed to show that her U.S. citizen spouse would suffer extreme hardship if she were not permitted to return to the United States for ten years, and moreover, the applicant has failed to show that her U.S. citizen spouse would suffer extreme hardship were he to relocate to Mexico to accompany the applicant. Having found the applicant statutorily ineligible for relief, no purpose would be served in discussing whether the applicant merits a waiver as a matter of discretion.

In proceedings for application for waiver of grounds of inadmissibility under section 212(a)(9)(B)(v) of the Act, the burden of proving eligibility remains entirely with the applicant. Section 291 of the Act, 8 U.S.C. § 1361. Here, the applicant has not met that burden. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 148891    — SH**

**March 18, 2008
13:58:31**

**Civ Fil Non-Pris**
USAO #.: 08CV0501
Judge..: DANA M SABRAW
Amount.:                    $350.00 CK
Check#.: BC1796

**Total—>  $350.00**

FROM: CARREON V. MUKASEY ET AL

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS DELFINA GIL DE CARREON, an individual;<br>ENRIQUE EVELIO CARREON, an individual | DEFENDANTS MICHAEL B. MUKASEY, Attorney General; MICHAEL CHERTOFF, Secretary, United States Department of Homeland Security; DR EMILIO T. GONZALEZ, Director, United States Citizenship and Immigration Services |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED    SAN DIEGO<br>PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>MURRAY D. HILTS, ESQ. (CA Bar No. 169690); MICHAEL J. CODNER, ESQ. (CA Bar No. 229216)<br>LAW OFFICES OF MURRAY D. HILTS<br>3020 MEADE AVE<br>SAN DIEGO, CA 92126 (TEL: 619-688-1174) | ATTORNEYS (IF KNOWN)<br>UNKNOWN |

'08 CV 501 DMS POR

| II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY) | | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX<br>(For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT | | | | | |
|---|---|---|---|---|---|---|---|
| | | | PT | DEF | | PT | DEF |
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question<br>(U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business<br>in This State | ☐ 4 | ☐ 4 |
| ☒ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in<br>Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business<br>in Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign<br>Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

Administrative Procedures Act, 5 U.S.C. 701, 702 (declaratory review of administrative agency decision)

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-<br>Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury -<br>Product Liability | ☐ 625 Drug Related Seizure<br>of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment<br>&Enforcement of Judgment | ☐ 330 Federal Employers'<br>Liability | ☐ 368 Asbestos Personal Injury<br>Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and<br>Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student<br>Loans (Excl. Veterans) | ☐ 345 Marine Product<br>Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment<br>of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities<br>Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product<br>Liability | ☐ 380 Other Personal<br>Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage<br>Product Liability | LABOR | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence<br>Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff<br>or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Electment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party<br>26 USC 7609 | ☐ 900 Appeal of Fee Determination<br>Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | Security Act | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN<br>COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint:<br>JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|
| VIII. RELATED CASE(S) IF ANY (See Instructions):    JUDGE | | | Docket Number |

DATE 3-21-0                    SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

CR 148891    sa 3/18/08 #350

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should completed the form as follows:

I.(a) Plaintiffs - Defendants. Enter names (last, first, middle intitial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giveing both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place the "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, it officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action , in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.
(rev. 07/89)