KAREN P. HEWITT
United States Attorney
CAROLINE J. CLARK
Assistant U.S. Attorney
California State Bar No. 220000
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Email: caroline.clark@usdoj.gov
Telephone: (619) 557-7491
Facsimile: (619) 557-5004

Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELFINA GIL DE CARREON, ENRIQUE EVELIO CARREON, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL B. MUKASEY, Attorney General of the United States; MICHAEL CHERTOFF, Secretary, Department of Homeland Security (DHS); and EMILIO T. GONZALEZ, Director, United States Citizenship and Immigration Services. <br><br> Defendants. | Case No. 08cv0501 DMS (POR) <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS <br><br> DATE: July 11, 2008 <br> TIME: 1:30 p.m. <br> CTRM: 10 <br> Honorable Dana M. Sabraw <br><br> (No Oral Argument Requested) |

**I. INTRODUCTION**

Plaintiff Delfina Gil de Carreon applied for an immigrant visa at the U.S. Consulate in Ciudad Juarez, Mexico. She also applied for a waiver of inadmissibility under 8 U.S.C. § 1182(a)(9)(B)(v), because she had previously been in the United States unlawfully. United States Citizenship and Immigration Services (USCIS) denied the waiver. Plaintiff Delfina Gil de Carreon appealed and USCIS dismissed her appeal. Plaintiff Enrique Carreon is the husband of Plaintiff Delfina Gil de Carreon. Plaintiffs request that this Court reverse the Defendants' denial of the waiver. Defendants move for dismissal of the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (3), and (6).

///

## II. FACTUAL BACKGROUND[1]

Plaintiff, Delfina Gil de Carreon, a native and citizen of Mexico, applied for an immigrant visa at the U.S. Consulate in Ciudad Juarez, Mexico. See Complaint at ¶¶ 3, 7.[2] Due to her previous unlawful presence in the United States, Ms. Gil de Carreon was inadmissible to the United States under 8 U.S.C. § 1182(a)(9)(B)(i)(II). Id. at ¶ 5. In conjunction with her application for an immigrant visa, she applied for a waiver of inadmissibility under 8 U.S.C. § 1182(a)(9)(B)(v). Id. at ¶ 7. To satisfy the requirements for the waiver she needed to establish that her United States citizen husband, Plaintiff Enrique Carreon, would suffer extreme hardship if her admission to the United States were refused. See 8 U.S.C. § 1182(a)(9)(B)(v). The waiver was denied by officers of USCIS. See Complaint at ¶ 8. Ms. Gil de Carreon then appealed the denial of the waiver to USCIS's Administrative Appeals Office (AAO) in Washington, D.C. Id. at ¶ 9. On August 28, 2007, the AAO dismissed the appeal, finding that Plaintiff had not established extreme hardship. Id. at 10. On March 18, 2008, Plaintiffs filed the instant Complaint requesting that this Court find that the denial of the waiver under 8 U.S.C. § 1182(a)(9)(B)(v) was unlawful and grant the waiver of inadmissibility.

## III. ARGUMENT

A. JUDICIAL REVIEW OF THE WAIVER IS BARRED

This Court does not have subject matter jurisdiction over USCIS's decision regarding a waiver of inadmissibility under 8 U.S.C. § 1182(a)(9)(B)(v). The statute explicitly provides that "no court shall have jurisdiction to review a decision or action by the Attorney General[3] regarding a waiver under this clause." Id. "When we find the terms of a statute unambiguous, judicial inquiry is complete, except 'in

---

[1] The facts are taken from Plaintiffs' Complaint and the exhibits attached thereto and, for purposes of this motion only, are presumed true.

[2] The Complaint indicates that Plaintiff Enrique Carreon applied for Plaintiff Delfina Gil de Carreon's adjustment of status. See Complaint at ¶ 7. However, Plaintiff Delfina Gil de Carreon, as the alien seeking the benefit, had to apply for the immigrant visa, not the petitioning relative. See 8 U.S.C. § 1202 ("every alien applying for an immigrant visa...shall make application therefor"); 8 U.S.C. § 1255(a)(1) (an alien with an approved petition may be adjusted if "the alien makes an application for such adjustment").

[3] On March 1, 2003, DHS and its component USCIS assumed responsibility for the process of adjudicating all adjudications previously performed by the Immigration and Naturalization Service. 6 U.S.C. § 271(b). Accordingly, the discretion formerly vested in the Attorney General is now vested in the Secretary of Homeland Security. 6 U.S.C. § 551(d).

1  rare and exceptional circumstances.'" Rubin v. United States, 449 U.S. 424, 430 (1981) (citations
2  omitted). There is nothing ambiguous about the language of 8 U.S.C. § 1182(a)(9)(B)(v) and the
3  legislative intent to bar judicial review over such a waiver. Plaintiffs bear the burden of establishing
4  that the Court has subject matter jurisdiction over their Complaint. See Ass'n of Am. Med. Coll. v.
5  United States, 217 F.3d 770, 778-79 (9th Cir. 2000). Plaintiffs allege that this Court is vested with
6  jurisdiction to review the waiver decision pursuant to 5 U.S.C. §§ 701-702 and 28 U.S.C. §§ 2201 and
7  1331.[4] None of these statutory provisions overcome the explicit bar to judicial review of 8 U.S.C. §
8  1182(a)(9)(B)(v) waivers. The Court should dismiss the Complaint for lack of subject matter
9  jurisdiction under Fed. R. Civ. P. 12(b)(1).

          1.     Doctrine of Consular Nonreviewability Prevents Judicial Review

The doctrine of consular nonreviewability also advises against judicial review in this matter. By way of background, aliens outside of the United States are not eligible for adjustment of status under 8 U.S.C. § 1255(a). Plaintiff Delfina Gil de Carreon was outside of the United States and therefore had to apply for consular processing with the Department of State (DOS) pursuant to 8 U.S.C. §§ 1201-02. At its creation, the Department of Homeland Security (DHS), was given authority over certain aspects of immigrant visa processing that takes place at consulates. See 6 U.S.C. § 236. Pursuant to a September 30, 2003 Memorandum of Understanding between DOS and DHS, DHS is now responsible for all visa guidance regarding waivers of inadmissibility, such as the one applied for by Plaintiff Delfina Gil de Carreon. See DHS to Establish, Review Visa Policy Under New DOS-DHS Agreement, 80 No. 38 Interpreter Releases 1365, 1366, Oct. 3, 2003.

The doctrine of nonreviewability of consular decisions is premised on the virtually complete control of the legislative branch over the admission of aliens. See Li Hing of Hong Kong, Inc. v. Levin, 800 F.2d 970, 970-971 (9th Cir. 1986) ("the power of Congress to exclude aliens altogether from the United States. . .and to have its declared policy in that regard enforced exclusively through executive officers without judicial intervention, is settled by our previous adjudications"). In

---

[4] Plaintiffs allege that the Complaint is one for declaratory relief. See Complaint at ¶ 1. Yet they also claim that the Complaint was brought to protect their constitutional rights to due process under the Fifth Amendment and to equal protection under the Fourteenth Amendment. Id. at ¶ 2. These constitutional allegations are addressed below.

1  Kleindienst v. Mandel, 408 U.S. 753 (1972), the Supreme Court declined to review a decision of the
2  former Immigration and Naturalization Service (INS) to deny a consular recommendation for a waiver
3  of inadmissibility. Id. at 769-70. Similarly in Loza-Bedoya v. I.N.S., 410 F.2d 343 (9th Cir. 1969), the
4  Ninth Circuit ruled that even where the consular decision is based upon an incorrect determination of
5  inadmissibility by the INS, the consular denial is not judicially reviewable. Id. at 347. The case at hand
6  involves the decision of DHS to deny Plaintiff Delfina Gil de Carreon's application for a waiver of
7  inadmissibility, under the new structure of the DOS-DHS consular organization.

8       Courts have also held that there is no authority to review an INS denial of an application for
9  entry or admission to the United States by aliens who apply from outside the United States unless the
10 Immigration and Nationality Act (INA) provides for such review. See Brownell v. Tom We Shung, 352
11 U.S. 180, 184 n.3 (1956) (finding that although exclusion orders could be judicially challenged the
12 court did not suggest that "an alien who has never presented himself at the borders of this country may
13 avail himself of the declaratory judgment action by bringing the action from abroad"). The Ninth
14 Circuit has also precluded review of the immigration claims of aliens who were not located in the United
15 States or at a port of entry. See Braude v. Wirtz, 350 F.2d 702, 706 (9th Cir. 1965) ("we are constrained
16 to hold that no right of judicial review exists on the part of these nonresident resident aliens of
17 determinations made by the executive branch acting pursuant to Congressional directive").

18      Further, as an alien in Mexico, Plaintiff Delfina Gil de Carreon cannot avail herself of the same
19 constitutional protections of aliens on U.S. soil. See Alvarez-Garcia v. Ashcroft, 378 F.3d 1094, 1098-
20 99 (9th Cir. 2004) (denying claim of petitioner who alleged equal protection violation on the basis that
21 she, as an excludable alien, was denied the same opportunities as deportable aliens, because of the well-
22 established distinction between an alien who has effected an entry into the U.S. and one who has never
23 entered); see also Mandel, 408 U.S. at 762 (Mandel, "as an unadmitted and nonresident alien had no
24 constitutional right of entry into this country as a nonimmigrant or otherwise"); Cobb v. Murrell, 386
25 F.2d 947 (5th Cir. 1967) (holding that a Mexican alien outside of the United States without a visa had
26 no standing to challenge a determination of the Secretary of Labor denying her a visa). In addition to
27 the statutory bar, the doctrine of consular nonreviewability further weighs against judicial review of the
28 waiver of inadmissibility that Plaintiff Delfina Gil de Carreon applied for from Mexico.

### 2. The Administrative Procedures Act Does Not Vest this Court with Jurisdiction

The Administrative Procedures Act (APA), 5 U.S.C. §§ 701 et seq., does not apply when "statutes preclude judicial review," 5 U.S.C. § 701(a)(1), and when agency decisions are "committed to agency discretion," 5 U.S.C. § 701(a)(2). See also Ardestani v. INS, 502 U.S. 129, 133 (1991) ("Congress intended the provisions of the Immigration and Nationality Act of 1952 (INA), 66 Stat. 163, as amended, 8 U.S.C. 1101 et seq., to supplant the APA in immigration proceedings"). Both barriers to APA review are present here. The provision under which Plaintiff Delfina Gil de Carreon applied for a waiver of inadmissibility specifically bars her from seeking judicial review. See 8 U.S.C. § 1182(a)(9)(B)(v). The statute also explicitly provides that the decision to waive the ground of inadmissibility is in the "sole discretion" of the Defendants. Id. The APA does not vest this Court with jurisdiction over Plaintiffs' Complaint. See 5 U.S.C. § 701(a)(1)-(2).

### 3. The Declaratory Judgement Act Does Not Vest this Court with Jurisdiction

The Declaratory Judgment Act (DJA), 28 U.S.C. § 2201, does not provide an independent basis for jurisdiction; it only expands the range of remedies available in federal courts. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950); Janakes v. U.S. Postal Service, 768 F.2d 1091, 1093 (9th Cir. 1985) (the use of the DJA "does not confer jurisdiction by itself if jurisdiction would not exist on the face of a well-pleaded complaint brought without the use of 28 U.S.C. § 2201."). The DJA cannot independently vest this Court with jurisdiction over Plaintiffs' Complaint.

### 4. The Federal Question Statute Does Not Vest this Court with Jurisdiction

The Federal Question statute, 28 U.S.C. § 1331, only vests jurisdiction when (1) the claim turns on an interpretation of the laws or Constitution of the United States, and (2) the claim is not "patently without merit." Saleh v. Ridge, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005). Plaintiffs' complaint fails on the second prong as the Defendants' decision to grant or deny this waiver of inadmissibility is wholly discretionary and not subject to judicial review. See 8 U.S.C. § 1182(a)(9)(B)(v). Further, review of agency action under 28 U.S.C. § 1331 is prevented when a statute specifically precludes judicial review. See Califano v. Sanders, 430 U.S. 99, 105 (1977) ("The obvious effect of this modification, subject only to preclusion-of-review statutes created or retained by Congress, is to confer jurisdiction on federal

///

1 courts to review agency actions"). Thus, the Federal Question statute does not vest this Court with
2 jurisdiction in light of the statutory bar to judicial review.

3 B.    PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

4 Additionally, Plaintiffs fail to state a claim upon which relief may be granted. The denial of
5 Plaintiff Gil de Carreon's application for a waiver of inadmissibility cannot be judicially reviewed. Had
6 it wished to do so, Congress could have subjected decisions regarding waivers of inadmissibility to
7 judicial review. In the absence of such a directive, Plaintiffs have failed to state a claim upon which
8 relief can be granted. As this Court is barred from reviewing USCIS's decision, there is no relief for
9 Plaintiff Delfina Gil de Carreon.

10 Plaintiffs allege that their Complaint was "additionally filed to protect [their] rights under the
11 due process clause of the Fifth Amendment and rights under the equal protection clause of the
12 Fourteenth Amendment to the United State Constitution and under other applicable Federal Law." See
13 Complaint at ¶ 2. Plaintiffs allege that Defendants committed "legal error, denied plaintiff Ms. Gil de
14 Carreon's due process and have further abused their discretion in not granting plaintiff Ms. Gil de
15 Carreon's application for a waiver of inadmissibility under 8 U.S.C. § 1182(a)(9)B)(i)(II)." Id. at ¶11.
16 In support of this statement, Plaintiffs state that Defendants failed "to implement controlling law within
17 Matter of L-O-G-, 21 I&N Dec. 413, 416 (BIA 1996), Matter of O-J-O-, 21 I&N Dec. 381 (BIA 1996),
18 and Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir. 1995) in fully defining the requisite hardship
19 standard." Id. at ¶ 11(a). Plaintiffs further complain that Defendants committed "a clear abuse of
20 discretion in total disregard of the legitimate and corroborative evidence presented in support of
21 Plaintiffs' appeal with respect [to] the properly defined hardship standard." Id. at ¶ 11(b). Plaintiffs
22 have failed to allege a constitutional violation upon which relief can be granted.

23 The Ninth Circuit has held that the determination of "extreme hardship" in the former
24 8 U.S.C. § 1254(a)(1) (repealed 1996) is purely discretionary because the language itself "commits the
25 determination to 'the opinion of the Attorney General'" and therefore there is no direct legal review.
26 Kalaw v. INS, 133 F.3d 1147, 1152 (9th Cir. 1997) (finding that jurisdiction was limited to "aspects of
27 statutory eligibility" that required the "application of law to factual determinations"). Similar to the
28 statute in Kalaw, the statute at issue here provides that Defendants have "sole discretion" to waive the

1  ground of inadmissibility "if it is established to the satisfaction" of the Defendants that denial of
2  admission would result in extreme hardship to a qualifying relative. See 8 U.S.C. § 1182(a)(9)(v). The
3  decision of Defendants in the instant matter rests upon their judgment that Plaintiff Delfina Gil de
4  Carreon failed to establish extreme hardship to their "satisfaction." The decision of Defendants in this
5  instance was purely discretionary and Plaintiffs have failed to state a claim upon which this Court can
6  grant relief.

7  Plaintiffs allege that Defendants did not "fully define the hardship standard" but do not explain
8  how the extreme hardship standard used by the AAO constitutes a due process or equal protection
9  violation. Plaintiffs have not established a constitutional claim or question of law which would provide
10 this Court with jurisdiction. "A petitioner may not create the jurisdiction that Congress chose to remove
11 simply by cloaking an abuse of discretion argument in constitutional garb." Torres-Aguilar v. INS,
12 246 F.3d 1267, 1271 (9th Cir. 2001) (finding that petitioner's assertion that the government erred in its
13 finding that he did not meet the requirement of "extreme hardship" was nothing more than an argument
14 that the government abused its discretion); see also Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th
15 Cir. 2005) (finding that arguments that the immigration judge incorrectly weighed or failed to weigh
16 evidence are "nothing more than an argument that the IJ abused his discretion, a matter over which we
17 have no jurisdiction"); Saloum v. U.S. Citizenship & Immigration Services, 437 F.3d 238, 243-44 (2nd
18 Cir. 2006) (finding petitioner's challenge to the denial of a discretionary waiver failed because he did
19 not raise any colorable constitutional claims or questions of law by the mere assertion that the
20 immigration judge failed to apply the law and thereby committed legal error or otherwise abused his
21 discretion). As Plaintiffs have not articulated how any existing constitutional violations apply to them,
22 this Court has no basis upon which to grant their requested relief. See Ventura-Escamilla v. INS, 647
23 F.2d 28, 32 (9th Cir. 1981) (refusing to consider petitioners' constitutional claim as they did not specify
24 how the regulation was unconstitutional).

25 Accordingly, the Court should dismiss the Complaint for failure to state a claim upon which
26 relief may be granted under Fed. R. Civ. P. 12(b)(6).
27 ///
28 ///

C.   **ATTORNEY GENERAL MICHAEL MUKASEY IS IMPROPERLY NAMED DEFENDANT**

Plaintiffs have named Attorney General, Michael Mukasey, as a defendant in this matter. Upon the creation of DHS, the Secretary is responsible for the implementation of the Immigration and Nationality Act. See 8 U.S.C. § 1103(a); 6 U.S.C. §§ 271(b)(5), 557. Attorney General Michael Mukasey and the Department of Justice have had no involvement in the adjudication of Plainitff Defina Gil de Carreon's application for a waiver of inadmissibility and should be dismissed as a defendant. See Rice v. Hamilton Air force Base Commissary, 720 F.2d 1082, 1085-86 (9th Cir. 1983) (noting that improperly named defendants may be dismissed from the action); Dmitriev v. Chertoff, No. C 06-07677, 2007 WL 1319533, *4 (N.D. Cal. May 4, 2007) (finding Michael Chertoff to be "the only relevant defendant" and dismissing all other defendants).

D.   **PLAINTIFF ENRIQUE CARREON LACKS STANDING**

Although, Plaintiff Enrique Carreon filed a petition on behalf of his wife, it was favorably adjudicated.[5] See Complaint at ¶ 6. The subject of this Complaint is the denial of Plaintiff Delfina Gil de Carreon's application for a waiver of inadmissibility. To establish standing, Plaintiff Enrique Carreon must have suffered an injury in fact that is fairly traceable to the Defendants' actions being challenged, and it must be likely that the injury will be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). As the Complaint does not allege any injury in fact suffered by Plaintiff Enrique Carreon, he should be dismissed as a plaintiff.

E.   **VENUE IS IMPROPER**

The Southern District of California is not the proper venue for this Complaint. See 28 U.S.C. § 1391(e) (providing that a civil action against an officer or employee of the United States in his official capacity may be brought in any judicial district in which a defendant in the action resides, a substantial part of the events or omissions giving rise to the claim occurred, or the plaintiff resides if no real property is involved in the action). Although Plaintiff Enrique Carreon resides in this District, he lacks standing and should be dismissed from the Complaint. Plaintiff Delfina Gil de Carreon resides

---

[5] The regulations governing the AAO provide that a petitioner, not a beneficiary, is an affected party and may file an appeal to the AAO. See 8 C.F.R. § 103.3(a)(1)(B). However, Plaintiff Enrique Carreon is not appealing the petition that he filed on behalf of Plaintiff Delfina Gil de Carreon. The agency action at issue in this complaint is Plaintiff Delfina Gil de Carreon's application for a waiver of her unlawful presence. She, unilaterally, filed the appeal to the AAO. See Complaint at ¶ 7.

in Mexico, and the AAO's decision to deny her appeal was made in Washington, D.C.  None of the Defendants reside in this District, and no events pertaining to the adjudication of the waiver occurred in this District.  The Court should dismiss the Complaint for improper venue under Fed. R. Civ. P. 12(b)(3).

### IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to dismiss the Complaint for lack of subject matter jurisdiction, improper venue, failure to state a claim upon which relief may be granted, or any combination thereof.

DATED:  June 4, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/Caroline J. Clark
_____
CAROLINE J. CLARK
Assistant U.S. Attorney

Attorneys for Defendants
E-mail: caroline.clark@usdoj.gov