Murray D. Hilts, CA Bar No. 169690
LAW OFFICES OF MURRAY D. HILTS, APC
3020 Meade Ave
San Diego, CA 92116
Tel:   (619) 688-1174
Fax:  (619) 285-1977

Attorneys for Plaintiffs:
DELFINA GIL DE CARREON, ENRIQUE EVELIO CARREON

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DELFINA GIL DE CARREON, ENRIQUE EVELIO CARREON<br><br>　　　　　Plaintiff,<br><br>v.<br><br><br>MICHAEL B. MUKASEY, Attorney General, MICHAEL CHERTOFF, Secretary, United States Department of Homeland Security, and DR. EMILIO T. GONZALEZ, Director, United States Citizenship and Immigration Services,<br><br>　　　　　Defendants. | Case No.: 08cv0501 DMS (POR)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP § 12(b)**<br><br>Date:　　　9.5.08<br>Time:　　　1:30 P.M.<br>Department: Hon. Dana M. Sabraw<br>Courtroom:　10 |

　　　　COMES NOW, DELFINA GIL DE CARREON, ENRIQUE EVELIO CARREON (collectively "Defendants", individually "Mrs. De Carreon" and "Mr. Carreon" respectively), by and through their attorney Murray D. Hilts, and hereby file the instant Opposition to Defendants' Motion to Dismiss the Complaint Pursuant to Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 12(b)(6), currently set for hearing before the Honorable Dana M. Sabraw in Courtroom 10 on September 5, 2008 at 1:30 p.m.  As required by CivLR 7.1(f)(3)(b), a "brief and complete statement" for reasons for the instant opposition are that Plaintiffs have clear

1  statutory language granting jurisdiction to the Court, presented a valid constitutional issue, and
2  have standing to assert such claims making venue proper before the Court.  This opposition is
3  based upon this formal opposition, the attached statement of facts and memorandum of points
4  and authorities, and other materials coming to the attention at the time of the motion's hearing.

                Respectfully submitted,

                THE LAW OFFICES OF MURRAY D. HILTS

DATED:  8.19.08                              /S/ Murray D. Hilts
                MURRAY D. HILTS, ESQ.
                Counsel for Plaintiffs,
                DELFINA GIL DE CARREON,
                ENRIQUE EVELIO CARREON

Murray D. Hilts, CA Bar No. 169690
LAW OFFICES OF MURRAY D. HILTS, APC
3020 Meade Ave
San Diego, CA 92116
Tel:  (619) 688-1174
Fax:  (619) 285-1977

Attorneys for Plaintiffs:
DELFINA GIL DE CARREON, ENRIQUE EVELIO CARREON

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DELFINA GIL DE CARREON, ENRIQUE EVELIO CARREON<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL B. MUKASEY, Attorney General, MICHAEL CHERTOFF, Secretary, United States Department of Homeland Security, and DR. EMILIO T. GONZALEZ, Director, United States Citizenship and Immigration Services,<br><br>Defendants. | Case No.: 08cv0501 DMS (POR)<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP § 12(b)(6)**<br><br>Date:        9.5.08<br>Time:        1:30 P.M.<br>Department:  Hon. Dana M. Sabraw<br>Courtroom:   10 |

**I.**

**STATEMENT OF FACTS**

Plaintiffs, DELFINA GIL DE CARREON and ENRIQUE EVELIO CARREON (collectively "Defendants", individually "Mrs. De Carreon" and "Mr. Carreon" respectively), are husband and wife. Plaintiffs reincorporate the state of facts in the Complaint and stipulated to in Defendants' recitation of such in the "FACTUAL BACKGROUND" in Defendants' Motion to Dismiss ("MTD").

1
PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP § 12(b)(6)

## II.

## STANDARD OF REVIEW

The United States Supreme Court has determined the granting of motions to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure is *not* favored. Conley v. Gibson, 355 U.S. 41, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); see also Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (holding Rule 12(b)(6) motions are viewed with disfavor). Furthermore, dismissal without leave to amend is proper only in "extraordinary" cases. United States v. City of Redwood, 640 F.2d 963, 966 (9th Cir. 1981). When ruling on a 12(b) motion, the complaint must be construed in the light most favorable to the plaintiff. Parks Sch. of Bus. Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). The court must accept as true all material allegations in the complaint, *as well as any reasonable inferences to be drawn from them*. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).

## III.

## ARGUMENT IN OPPOSITION

### A.

**THE PLAIN LANGUAGE OF THE ADMINISTRATIVE PROCEDURES ACT CLEARLY GRANTS THE COURT JURISDICTION OVER AGENCY DECISIONS SUCH AS THAT BY THE AAO IN THE PRESENT CASE DUE TO THE EXISTENCE OF LEGAL ERROR.**

Under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*. ("APA"), agency decision should be set aside which are found to be "arbitrary, capricious, and abuse of discretion, or *otherwise not in accordance with the law*." 5 U.S.C. § 706(2)(A) (emphasis added). The plain language of 5 U.S.C. § 702 clearly reads "[a] person suffering legal wrong *because of agency action*, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, *is entitled to judicial review thereof*." (Emphasis added). Furthermore, there is presumption in favor of reviewability under the APA; thus, even though APA itself technically grants no jurisdiction, power to review any agency action exists under 28 USCS § 1331. El Rio Santa Cruz Neighborhood Health Ctr., Inc. v HHS (2004, DC Dist Col) 300 F Supp 2d 32, affd (2005, App DC) 396 F3d 1265.

1   In connection, despite the existence of a discretionary decision, the Ninth Circuit has
2 offered guidance when a discretionary decision is based on a legal standard as is the case in the
3 present case. In <u>Afridi</u>, the Government argued that because the Attorney General had decided
4 the alien's crime was a "particularly serious crime," which was a discretionary decision which
5 deprived the Court of jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(B)[1] as amended by the
6 REAL ID Act of 2005, Pub.L.No. 109-13. <u>See</u> 442 F.3d 1212, 1218 (9th Cir. 2006) (citing
7 <u>Unuakhaulu v. Gonzales</u>, 416 F.3d 931 (9th Cir. 2005) [citing 8 U.S.C. § 1252(a)(2)(B); 8 U.S.C.
8 1231(b)(3)(B)]).

9   The Ninth Circuit rejected the Government's contentions in that the alien in <u>Afridi</u> was
10 "argu[ing] that the BIA *failed to apply the proper legal standard* in determining whether his
11 crime was particularly serious...*this argument raised a question of law*." <u>Afridi</u>, 442 F.3d at 1218
12 (emphasis added). The Court elaborated "[w]hile we cannot reweigh evidence...we *can*
13 *determine whether the BIA applied the correct legal standard* in making its determination." <u>Id.</u>
14 (emphasis added). In relation to the Government's argument, the Court found:

> The Government's argument that 'to declare that the Court has no jurisdiction over discretionary decisions in one breath, and then declare that the Court retains jurisdiction over which 'standards' to apply in making those discretionary decisions is '*self-contradictory*,'...(The Government's argument) effectively reads § 1252(a)(2)(D) of the REAL ID Act out of existence. It also fails to account for the distinction between questions of statutory construction *and the application of a statute to the facts and circumstances of a particular case*.

20 <u>Afridi</u>, 442 F.3d at 1218-19. (citing <u>Ramadan v. Gonzales</u>, 427 F.3d 1218, 1222 (9th Cir. 2005)
21 [explaining that REAL ID Act distinguishes between issues of statutory construction and
22 discretionary or factual questions]) (emphasis added). The Court then went on to retain
23 jurisdiction and reinforced review on the merits "on a case-by-case analysis" despite the apparent
24 existence of discretionary factors. <u>Afridi</u>, 442 F.3d at 1221. Therefore, extrapolating on the logic

---

[1] Although in a different context (i.e. particularly serious crime in <u>Afridi</u> versus waiver of unlawful presence in the present case), the Government essentially relies on a similar jurisdiction-stripping statutory device, 8 U.S.C. § 1182(a)(9)(B)(v), to that which Government attempted to rely on in <u>Afridi</u>.

1  from the <u>Afridi</u> holding, if an agency's decision regarding the waiver of unlawful presence

2  element under 8 U.S.C. § 1182(a)(9)(B)(v) *involves a pure application of law to factual*

3  *determinations*, then such is a nondiscretionary decision, is a question of law, and hence

4  reviewable.

5        In the present case, as asserted in the Complaint, Plaintiffs argued Defendants' denial of a

6  waiver under 8 U.S.C. § 1182(a)(9)(B)(v) was *legally incorrect* by "failing to implement

7  controlling law within <u>Matter of L-O-G-</u>, 21 I. & N. Dec. 413, 416 (BIA 1996), <u>Matter of</u>

8  <u>O-J-O-</u>,21 I. & N. Dec. 381 (BIA 1996), and <u>Tukhowinich v. INS</u>, 64 F.3d 460, 463 (9th Cir.

9  1995). <u>See</u> Complaint at 5. A simple reading of these decisions reveals they define the standard

10  upon which the Attorney General is to adjudge a request for waiver under 8 U.S.C. §

11  1182(a)(9)(B)(v). The crux of one of Plaintiffs' claims is that Defendants' wholeheartedly failed

12  to implement *any* of the controlling law within these decisions as argued by Plaintiffs in their

13  appeal to the AAO. A review of the AAO's decision supports this assertion as there is no

14  mention of the aforementioned relevant and defining cases for the hardship standard. <u>See</u>

15  Complaint at Exhibit "B".

16        Instead of distinguishing these cases, or explaining why such were not controlling, the

17  Consular Office and AAO simply chose to cite decisions *only in support of the denial*.

18  <u>See</u> Complaint at Exhibit "B" at 3-4. The relevance here is that it can reasonably be stated

19  Defendants were then acting on an impartial, *and legally incomplete*, standard upon which to

20  adjudge Plaintiffs' request for a waiver. In such an instance, the APA should control because the

21  decision of the Defendants (as the agencies responsible to adjudicate Plaintiffs' request) to deny

22  Plaintiff's request was *not "otherwise not in accordance with the law*." 5 U.S.C. § 706(2)(A)

23  (Emphasis added). As such, this Court should retain jurisdiction under the provisions of the

24  APA.

25  **B.**

26  **MULTIPLE STATUTORY AUTHORITY EXISTS FOR THE COURT TO EXERCISE JURISDICTION OVER PLAINTIFFS' CONSTITUTIONAL CLAIMS THEREBY**
27  **PRECLUDING THE DOCTRINE OF CONSULAR NONREVIEWABILITY**.

28        "28 U.S.C. § 1331, [sic] gives district courts jurisdiction over 'actions arising under the

Constitution.'" Chiang v. Skeirik, 529 F. Supp. 2d 166, 171 (D. Mass. 2007); see also Calexico Warehouse, Inc. v. Neufeld, 259 F. Supp. 2d 1067, 1071 (S.D. Cal. 2002) ("District courts have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States.")  More importantly, the The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005), which amends Section 242 of the Immigration and Nationality Act ("INA"), reads, in pertinent part:

> (D) Judicial review of certain legal claims.--*Nothing* in subparagraph (B) or (C), or *in any other provision of this Act* (other than this section) *which limits or eliminates judicial review*, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review...

(Emphasis added).

In connection, the law is well established in this Circuit that the Fifth Amendment guarantees due process rights in immigration proceedings. Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir. 1985).  As Defendants argue in the present case, the doctrine of consular non-reviewability bars this Court from reviewing a consular's decision to exclude an alien from the United States. See MTD at 3-5.  However, some courts have held that denial of a visa *is reviewable* in cases brought by U.S. citizens *raising constitutional claims*. Abourezk v. Reagan, 592 F. Supp. 880 (D.D.C. 1984) vacated on other grounds by Abourezk v. Reagan, 251 U.S. App. D.C. 355, 785 F.2d 1043 (D.C. Cir. 1986); Am. Acad. of Religion v. Chertoff, 463 F. Supp. 2d 400, 416 (S.D.N.Y. 2006) (finding jurisdiction where plaintiffs allege that the visa process was stalled in a manner violating their First Amendment rights).  Moreover, The Real ID Act of 2005 is relevant here because the language "in any other provision of this Act" would certainly apply to the language of preclusion in 8 U.S.C. § 1182(a)(9)(B)(v) upon which Defendants rely to support dismissal.  In other words, pursuant to The Real ID Act of 2005, *any* precluding language in the INA, such as that within 8 U.S.C. § 1182(a)(9)(B)(v), could be overcome with the presence of a valid due process issue.

In addition, the Ninth Circuit has very recently reviewed a factual context very similar to the present case.  In Bustamante v. Mukasey, petitioners were husband and wife. See ___ F.3d ___, 2008 U.S. App. LEXIS 14507, Docket No. 06-17228 (9th Cir. Ariz. July 9, 2008).  Female

petitioner was a United States citizen ("USC") and male petitioner was an alien residing in Mexico. Id.[2]  Based on their marriage, the female petitioner had petitioned the Government to adjust the status of her husband. Id.  The Government denied this application based on the belief that male petitioner was a controlled substance trafficker. Id.  Petitioners in Bustamante then appealed arguing a due process violation as a basis for the complaint. Id.

As identical to the present case, the Government in Bustamante argued for dismissal of the complaint based on the doctrine of consular nonreviewability and "lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted." Bustamonte, ___ F.3d at ___.  While the Ninth Circuit recognized the doctrine of consular nonreviewability, the Ninth Circuit additionally recognized "courts have identified a *limited exception* to the doctrine *where the denial of a visa implicates the constitutional rights of American citizens*" as rooted within the Supreme Court's holding in Kleindienst v. Mandel, 408 U.S. 753, 92 S. Ct. 2576, 33 L. Ed. 2d 683 (1972). Id. (Citing Adams v. Baker, 909 F.2d 643, 647-48 (1st Cir. 1990); Burrafato v. United States Dep't. of State, 523 F.2d 554, 556-57 (2d Cir. 1975); Saavedra Bruno v. Albright, 339 U.S. App. D.C. 78, 197 F.3d 1153, 1163 (D.C. Cir. 1999)) (emphasis added).

The Bustamonte court went on to hold a "U.S. citizen raising a constitutional challenge to the denial of a visa[3] is entitled to a limited judicial inquiry *regarding the reason for the*

---

[2] The undersigned apologizes to the Court for being unable to provide the specific pagination-citation, however, it appears such has not been made available through Lexis at this point.  There is nothing in the Lexis database which indicates this decision is not published, and the undersigned therefore treats the case as awaiting official pagination by the Ninth Circuit with the appropriate interim citation, See ___ F.3d ___, 2008 U.S. App. LEXIS 14507, Docket No. 06-17228 (9th Cir. Ariz. July 9, 2008).  However, even if the Bustamonte decision were unpublished, citation would still be proper based on Federal Rules of Appellate Procedure ("FRAP"), Rule 32.1.  This rule allows citation to an unpublished decision in federal courts as long as the decision was issued after January 1, 2007.  As the Ninth Circuit issued Bustamonte in July of 2008, citation to this decision is proper even if the decision is unpublished.

[3] It is anticipated Defendants here will argue that Bustamante is distinguishable because the holding involved a visa denial and not a denial of a waiver of inadmissibility such as that under 8 U.S.C. § 1182(a)(9)(B)(v).  This argument is foreclosed by the (cont'd...)

*decision.*" Bustamonte, ___ F.3d at ___ (emphasis added). The reasoning was that:

> The Supreme Court has deemed 'straightforward' the notion that '[t]he Due Process Clause provides that certain substantive rights -- life, liberty, and property -- cannot be deprived except pursuant to constitutionally adequate procedures.'...*Freedom of personal choice in matters of marriage and family life is, of course, one of the liberties protected by the Due Process Clause.*

Id. (Citations omitted) (Emphasis added).

In the present case, it is unquestioned that Mr. Carreon is a USC and married to Mrs. De Carreon, a Mexican native. See Complaint at Exhibit "A". Plaintiffs further meritoriously argued that Defendants' denial of the waiver of inadmissibility violated their right to due process. See Complaint at 5. From the text of the complaint, it is reasonable to infer Plaintiffs argue the denial of the waiver deprived Mr. Carreon of the right to marriage in a constitutionally inadequate procedure. At the very minimum, this inference must be taken when ruling on a 12(b) motion because complaint must be construed in the light most favorable to the plaintiff. Parks Sch. of Bus. Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). In addition, the court must accept as true all material allegations in the complaint, *as well as any reasonable inferences to be*

---

(...cont'd) text of the decision:

> We are unable to distinguish *Mandel* on the grounds that the exclusionary decision challenged in that case was not a consular visa denial, *but rather the Attorney General's refusal to waive Mandel's inadmissibility*. The holding is plainly stated in terms of the power delegated by Congress to 'the Executive.' The Supreme Court said nothing to suggest that the reasoning or outcome would vary according to which executive officer is exercising the Congressionally-delegated power to exclude. Moreover, holding that Mandel applies only to cases concerning the Attorney General's refusal to grant a waiver *is inconsistent with those cases in which we have been asked to review a consular official's denial of a visa*, and have cited Mandel in declining to do so.

Bustamonte, ___ F.3d at ___ (citations omitted) (emphasis added).

As such, it appears that Bustamonte actually involved a waiver of inadmissibility as similar to the present case.

---

1  *drawn from them*. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).

2  Therefore, as a USC, Mr. Carreon is at minimum entitled to review of the consular action

3  "*regarding the reason for the decision*" which undoubtedly denied him of the constitutional

4  protections regarding marriage and family. Bustamonte, ___ F.3d at ___ (emphasis added).

5  What is more, the existence of a constitutional issue clearly grants jurisdiction pursuant to the

6  aforementioned of The Real ID Act of 2005. As such, the doctrine of consular nonreviewability

7  should be null and void in this instance.

**C.**

**MR. CARREON CLEARLY HAS STANDING BASED ON THE HARDSHIP STANDARD AND CONSTITUTIONAL VIOLATION**

11  In the Defendants' motion, counsel argues Mr. Carreon lacks standing in that the subject

12  of the complaint is Mrs. De Carreon's denial of a visa waiver and that Mr. Carreon's I-130

13  petition was favorably adjudicated. See MTD at 8. The apparent logic is that Mr. Carreon

14  suffered no apparent injury. This argument lacks merit.

15  For example, the statute upon which the waiver is based, 8 U.S.C. § 1182(a)(9)(B)(v),

16  requires the parties to establish a denial of the waiver would "result in extreme hardship *to the*

17  *citizen*...of such alien." In other words, Mr. Carreon was required to show how Mrs. De

18  Carreon's refused admission would result in "extreme hardship." Mr. Carreon clearly laid out

19  the "extreme hardship" he was be suffering. See Complaint at Exhibit "A".

20  Despite the denial by Defendants, the point here is that Mr. Carreon still asserted the

21  "extreme hardship" he would suffer which is akin to a cognizable injury required for a party to

22  assert a claim in a complaint as in the present case. Accordingly, Mr. Carreon should have

23  standing in the present matter. In addition, the factual context is nearly identical to the facts in

24  Bustamonte. As there was clearly no issue of the USC-plaintiff in Bustamonte having standing,

25  it cannot be reasonably asserted the Ninth Circuit would find Mr. Carreon lacked standing in the

26  present case.

27  / / /

28  / / /

**D.**

**VENUE IS PROPER BEFORE THIS COURT BASED ON THE STANDING OF MR. CARREON**.

As argued above, Mr. Carreon clearly has standing in the present case. As conceded by Defendants' in the motion to dismiss, Mr. Carreon resides in this District. See MTD at 8. Thus, venue is proper before the Court. See 28 U.S.C. § 1391(e).

**IV.**

**CONCLUSION**

In closing, Defendants' basis for the FRCP § 12(b) motion to dismiss fails when the complaint, and all reasonable inferences therefrom, are viewed in the light most favorable to Plaintiffs. Based on the foregoing, Plaintiffs thereby prey the Court deny Defendants' motion to dismiss pursuant to FRCP § 12(b). In the alternative, Plaintiffs prey the Court grant leave to amend the complaint should the Court be so inclined to grant Defendants' motion.

Respectfully submitted,

THE LAW OFFICES OF MURRAY D. HILTS

DATED:  8.19.08          /S/ Murray D. Hilts

MURRAY D. HILTS, ESQ.
Counsel for Plaintiffs,
DELFINA GIL DE CARREON,
ENRIQUE EVELIO CARREON

**THE LAW OFFICES OF MURRAY D. HILTS**
3020 Meade Ave.
San Diego, California 92116
Tel: (619) 688-1174
Fax: (619) 285-1977


CASE NAME:              Gil De Carreon, et al. v. Mukasey, et al.
CRIMINAL CASE NO.:      08cv0501 DMS (POR)

UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

**DECLARATION OF SERVICE**

I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and am employed in the County of San Diego, California, within which county the subject service occurred.  My business address is 3020 Meade Ave, San Diego, CA 92116. On August 19, 2008  , I served the following the following document(s): **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP § 12(b); PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP § 12(b)**

I hereby certify that a true and accurate copy of the foregoing  was served upon Caroline J. Clark, Assistant U.S. Attorney by e-filing at caroline.clark@usdoj.gov, provided for pleadings, upon the Office of the U.S. Attorney on this 19th day of August, 2008.  Such pleadings were provided in the required PDF format.

             /S/ Murray D. Hilts
            Murray D. Hilts, Esq.
            Counsel for Defendant