1  KAREN P. HEWITT
   United States Attorney
2  CAROLINE J. CLARK
   Assistant U.S. Attorney
3  California State Bar No. 220000
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Email: caroline.clark@usdoj.gov
   Telephone: (619) 557-7491
6  Facsimile: (619) 557-5004

7  Attorneys for Defendants

8                 UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10 DELFINA GIL DE CARREON, ENRIQUE)    Case No. 08cv0501 DMS (POR)
   EVELIO CARREON,                 )
11                                  )
                   Plaintiffs,      )    REPLY TO PLAINTIFFS' OPPOSITION TO
12       v.                         )    DEFENDANTS' MOTION TO DISMISS
                                    )
13 MICHAEL B. MUKASEY, Attorney General)
   of the United States; MICHAEL CHERTOFF,)    DATE:       September 5, 2008
14 Secretary, Department of Homeland Security)   TIME:       1:30 p.m.
   (DHS); and EMILIO T. GONZALEZ, Director,)    CTRM:       10
15 United States Citizenship and Immigration)    Honorable Dana M. Sabraw
   Services.                        )
16                 Defendants.      )    (No Oral Argument Requested)
   _____)

17

18

19                          **I. INTRODUCTION**

20       Plaintiffs oppose Defendants' motion to dismiss and assert that this Court has jurisdiction to

21 review the Defendants' decision to deny Plaintiff Delfina Gil de Carreon's application for a waiver of

22 inadmissibility.  Defendants maintain that the Complaint should be dismissed for lack of subject matter

23 jurisdiction, improper venue and failure to state a claim upon which relief may be granted.

24 ///

25 ///

26 ///

27 ///

28 ///

## II. ARGUMENT

A.      JUDICIAL REVIEW OF THE WAIVER IS BARRED

In their opposition to Defendants' motion, Plaintiffs failed to establish that the there is a provision which vests and have therefore failed meet their burden of establishing that the Court has subject matter jurisdiction over their Complaint.  See Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000).  The Court should dismiss the Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

1.      The Administrative Procedures Act Does Not Vest this Court with Jurisdiction

Plaintiffs argue that this Court has jurisdiction under the Administrative Procedures Act (APA) because the decision of the Defendants was "not otherwise in accordance with the law" and because a person suffering a legal wrong due to agency action is entitled to judicial review.  See Plaintiffs' Memorandum of Points and Authorities in Support of Opposition to Defendants Motion to Dismiss (Opposition) at 2.  Plaintiffs fail to address how their Complaint  overcomes the inapplicability of the APA when "statutes preclude judicial review," 5 U.S.C. § 701(a)(1), and when agency decisions are "committed to agency discretion," 5 U.S.C. § 701(a)(2).

Plaintiffs' reliance on Afridi v. Gonzales, 442 F.3d 1212 (9th Cir. 2006), is misplaced because it involved judicial review of a question of law in a removal order which was permitted pursuant to 8 U.S.C. § 1252(a)(2)(D).  Thus, a statutory provision allowed judicial review of "questions of law" in removal orders through petitions for review filed in the applicable court of appeals and is therefore Afridi is inapposite to this case.  Id. at 1218 ("The plain language of the REAL ID Act grants jurisdiction to appellate courts to review questions of law presented in petitions for review of questions of law presented in petitions for review of final orders of removal, even those pertaining to otherwise discretionary determinations."); 8 U.S.C. § 1252(a)(2)(D).  Here, there has been no removal order that would implicate 8 U.S.C. § 1252(a)(2)(D) to permit judicial review of a question of law through a petition for review in an appropriate court of appeals.  The statute at issue in this case provides that the waiver of inadmissibility is the "sole discretion" of Defendants and that "no court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause."

///

1   8 U.S.C. § 1182(a)(9)(B)(v).  The APA is inapplicable when there is such a statutory bar, see 5 U.S.C.

2   § 701(a)(1), over a decision committed to agency discretion, see 5 U.S.C. § 701(a)(2).

3          2.   <u>The Federal Question Statute Does Not Vest this Court with Jurisdiction</u>

4         Plaintiffs have failed to address how jurisdiction exists under the Federal Question statute, 28

5   U.S.C. § 1331, when Defendants' decision to grant or deny the waiver of inadmissibility is wholly

6   discretionary and there is a statutory bar to judicial review.  <u>See</u> 8 U.S.C. § 1182(a)(9)(B)(v).  Review

7   of agency action under 28 U.S.C. § 1331 is prevented when a claim is patently without merit and when

8   a statute specifically precludes judicial review.  <u>See</u> <u>Saleh v. Ridge</u>, 367 F. Supp. 2d 508, 511 (S.D.N.Y.

9   2005); <u>Califano v. Sanders</u>, 430 U.S. 99, 105 (1977) ("The obvious effect of this modification, subject

10  only to preclusion-of-review statutes created or retained by Congress, is to confer jurisdiction on federal

11  courts to review agency actions").

12         3.   <u>The Declaratory Judgment Act Does Not Vest this Court with Jurisdiction</u>

13        Plaintiffs' have not opposed Defendants' argument that the Declaratory Judgment Act (DJA),

14  28 U.S.C. § 2201, does not vest the Court with jurisdiction.  <u>See</u> <u>Skelly Oil Co. v. Phillips Petroleum</u>

15  <u>Co.</u>, 339 U.S. 667, 671-72 (1950); <u>Janakes v. U.S. Postal Service</u>, 768 F.2d 1091, 1093 (9th Cir. 1985)

16  (the use of the DJA "does not confer jurisdiction by itself if jurisdiction would not exist on the face of

17  a well-pleaded complaint brought without the use of 28 U.S.C. § 2201.").

18         4.   <u>Doctrine of Consular Nonreviewability Prevents Judicial Review</u>

19        Plaintiffs cite to <u>Bustamante v. Mukasey</u>, 531 F.3d 1059 (9th Cir. 2008), in support of their

20  contention that the doctrine of consular nonreviewability does not apply here and that this Court has

21  subject matter jurisdiction over the Complaint.  In fact, <u>Bustamante</u> supports the contention that the

22  doctrine of consular nonreviewability does apply to Plaintiffs' situation and that their Complaint is not

23  subject to judicial review.  In <u>Bustamante</u>, the district court, relying on <u>Li Hing of Hong Kong, Inc. v.</u>

24  <u>Levin</u>, 800 F.2d 970 (9th Cir. 1986), dismissed the complaint because the decisions of consular officers

25  to grant or deny visas are not subject to judicial review.  <u>Bustamante</u>, 531 F.3d at 1061.  The Ninth

26  Circuit affirmed the decision of the district court finding that it could consider the Consulate's

27  explanation for the denial of the visa application pursuant to the limited inquiry authorized by

28  <u>Kleindienst v. Mandel</u>, 408 U.S. 753 (1972).  In <u>Mandel</u>, the Court declined to review a decision of the

former Immigration and Naturalization Service (INS) to deny a consular recommendation for a waiver of inadmissibility.  Id. at 769-70.  Plaintiffs, who were U.S. citizens that were to hear the visa applicant speak, alleged First Amendment violations.  Id. at 762.  The Court found that "plenary congressional power to make policies and rules for exclusion of aliens has long been firmly established...when the Executive exercises this power negatively on the basis of a facially legitimate and bona fide reason, the courts will neither look behind the exercise of that discretion, nor test it by balancing its justification against the First Amendment interests of those who seek personal communication with the applicant."  Id. at 769-70.

     Here, Plaintiffs have not made a colorable constitutional claim.  See Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (9th Cir. 2001) (finding that petitioner's assertion that the government erred in its finding that he did not meet the requirement of "extreme hardship" was nothing more than an argument that the government abused its discretion).  Plaintiffs have not alleged that Defendants reason for denying Plaintiff Delfina Gil de Carreon's waiver of inadmissibility was not facially valid or bona fide.  In fact they assert that Defendants found that she "failed to meet the hardship standard for her requested waiver of inadmissiblity" noting that "8 U.S.C. § 1182(a)(9)(B)(v) allows for a waiver of inadmissibility. . .if the alien can prove removal would result in extreme hardship to the qualifying United States citizen spouse."  See Complaint at ¶ 8 and n.3.  Plaintiffs also allege that "the AAO determined that Plaintiffs had simply not met the standard of hardship necessary to differentiate their case from the hardships typically suffered by aliens and citizen-spouses."  Id. at ¶ 10.

     Even if the Court were to allow Plaintiffs to amend their Complaint, the limited inquiry allowed in Mandel would still result in the Complaint failing.  It is statutorily mandated that a decision on a 8 U.S.C. § 1182(a)(9)(v) waiver is in the "sole discretion" of Defendants and can be granted "if it is established to the satisfaction" of the Defendants that denial of admission would result in extreme hardship to a qualifying relative.  See 8 U.S.C. § 1182(a)(9)(v).  Defendants decided that Plaintiff had not established the requisite extreme hardship and thus based the denial of the waiver on a facially legitimate and bona fide reason.  See Complaint at ¶¶ 8, 10.  The doctrine of consular non-reviewability does apply to Plaintiffs' situation and Plaintiffs' Complaint fails to be entitled to judicial review.

///

08cv0501

B.      PLAINTIFFS' RELIANCE ON 8 U.S.C. § 1252 IS MISPLACED

Plaintiffs allege that 8 U.S.C. § 1252(a)(2)(D) serves to overcome the explicit bar to judicial review provided for in 8 U.S.C. § 1182(a)(9)(B)(v). See Opposition at 5. This conclusion is incorrect. Under the title "judicial review of orders of removal," 8 U.S.C. § 1252(a)(2)(D) provides:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law *raised upon a petition for review filed with an appropriate court fo appeals in accordance with this section.*

(emphasis added)

The statute further provides that the petition for review must be filed not later than 30 days after the date of the final order of removal and with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings. See 8 U.S.C. § 1252(b)(1) and b(2). Plaintiffs are challenging the denial of a discretionary waiver of inadmissibility, not a final order of removal. Had Congress intended there to be judicial review of a decision regarding this waiver it would have made such a provision and not included the explicit bar to judicial review that currently exists in 8 U.S.C. § 1182(a)(9)(B)(v).

C.      PLAINTIFF ENRIQUE CARREON LACKS STANDING AND VENUE IS IMPROPER

Plaintiffs' assert that Plaintiff Enrique Carreon has standing because he is the qualifying relative for Plaintiff Delfina Gil de Carreon's application for a waiver of inadmissibility. See Opposition at 8. Plaintiffs contend that the "extreme hardship" that Plaintiff Delfina Gil de Carreon alleged in her application for a waiver is the cognizable injury Plaintiff Enrique Carreon would suffer which provides him with standing in the instant matter. Id.

The Ninth Circuit declined to decide the issue of whether a United States citizen brother and lawful permanent resident mother of a visa applicant had standing to challenge the Immigration and Naturalization Service's denial of a waiver of excludability which would allow their relative to receive a visa. Wong v. Bell, 642 F.2d 359, 361 (9th Cir. 1981). In Wong, the district court dismissed the case finding that the brother and mother lacked standing and the Ninth Circuit affirmed the dismissal, although on other grounds. Id. at 361 ("Because resolution of this issue would require this court to formulate important new law, inapplicable to plaintiffs on the facts of this case, we chose an alternative method of disposition.").

08cv0501

1    In another case, United States citizen petitioners were found to lack standing for attempting to

2  assert rights not afforded to them by the Immigration and Nationality Act.  See Saavedra Bruno v.

3  Albright, 197 F.3d 1153, 1164 (D.C. Cir. 1999) (finding that petitioners' cognizable interest terminated

4  when their petition was granted even thought the beneficiary's visa was subsequently denied by consular

5  officials).  Similarly, Plaintiff Enrique Carreon's cognizable interest terminated when the petition for

6  alien relative that he filed on behalf of Plaintiff Delfina Gil de Carreon was approved.  See Complaint

7  at ¶ 6.  Although her waiver of inadmissibility was later denied, Plaintiff Enrique Carreon's interest was

8  satisfied, he has not been aggrieved within the meaning of the relevant statute and he has no right to

9  judicial review.  See Saavedra Bruno, 197 F.3d at 1164.

10    If the Court finds that Plaintiff Enrique Carreon lacks standing in this matter, the Southern

11  District of California is not the proper venue for this Complaint and it should be dismissed under

12  Fed. R. Civ. P. 12(b)(3).  See 28 U.S.C. § 1391(e).

13  D.    ATTORNEY GENERAL MICHAEL MUKASEY IS IMPROPERLY NAMED DEFENDANT

14    Plaintiffs do not oppose the dismissal of Attorney General Michael Mukasey as a defendant and

15  he should therefore be dismissed.

16  E.    PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

17    To survive a motion to dismiss for failure to state a claim, a complaint must contain factual

18  allegations which are "enough to raise a right to relief above the speculative level, on the assumption

19  that all the allegations in the complaint are true."  See Bell Atlantic Corp. v. Twombly, 550 U.S. ----,

20  127 S.Ct. 1955, 1965 (2007).  Plaintiffs have failed to state a claim upon which relief may be granted.

21   Plaintiffs have failed to allege that Defendants reason for denying the waiver was not facially valid or

22  bona fide and therefore the limited inquiry described in Mandel is inapplicable.  Even if the Court were

23  to allow Plaintiffs to amend their complaint and include such allegations, Defendants' reason for

24  denying the waiver was facially valid as it was for Plaintiff's failure to establish the requisite extreme

25  hardship.  Thus the inquiry would still result in Plaintiffs having failed to state a claim.  See Bustamante,

26  531 F.3d at 1063 ("[u]nder Mandel's limited inquiry. . .[plaintiff's claim] fails to state a claim upon

27  which can be granted.").  Accordingly, the Court should dismiss the Complaint for failure to state a

28  claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

6                                                08cv0501

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to dismiss the Complaint for lack of subject matter jurisdiction, improper venue, failure to state a claim upon which relief may be granted, or any combination thereof.

DATED: August 28, 2008                    Respectfully submitted,

                                          KAREN P. HEWITT
                                          United States Attorney

                                          s/Caroline J. Clark
                                          _____
                                          CAROLINE J. CLARK
                                          Assistant U.S. Attorney

                                          Attorneys for Defendants
                                          E-mail: caroline.clark@usdoj.gov

08cv0501